617 So.2d 428 (1993)
Karen L. ROSS and Robert A. Ross, her husband, Appellants,
v.
TWENTY-FOUR COLLECTION, INC., et al., Appellees.
No. 92-1344.
District Court of Appeal of Florida, Third District.
April 27, 1993.
Rehearing Denied May 25, 1993.
Nicklaus, Valle, Craig & Wicks and N. Paul San Filippo, Miami, for appellants.
Lapidus & Frankel and Marta Lederman Rub and Richard L. Lapidus, Miami, for appellees.
Before HUBBART and JORGENSON and LEVY, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Karen Ross and her husband Robert Ross from an adverse summary judgment in an action for breach of contract and other tort claims. We affirm.
First, the various tort claims pled in the complaint, including intentional infliction of emotional distress, are, as a matter of law, barred by the four-year statute of limitations for tort claims. Section 95.11(3)(p), Fla. Stat. (1989). These causes of action accrued no later than April 11, 1984, when the plaintiff Karen Ross was allegedly forced to resign her employment with the defendant Twenty-Four Collection, Inc. after enduring several years of sexual harassment on the job. The complaint herein was filed on April 10, 1989, approximately five years later, and was therefore clearly barred by the applicable four-year statute of limitations.
Second, the breach of contract claim is not actionable as a matter of law because it is based on a contract of employment which does not provide for a definite term of employment and was therefore terminable at will. No action may be maintained for the breach of an employment contract terminable at will. See Savannah, F. & W. Ry. v. Willett, 43 Fla. 311, 31 So. 246 (1901); Maguier v. American Family Life Assurance Co., 442 So.2d 321, 323 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 849 (Fla. 1984); DeMarco v. Publix Super Markets, Inc., 360 So.2d 134, 136 (Fla. 3d DCA 1978), aff'd, 384 So.2d 1253 (Fla. 1980).
Finally, the punitive damages counts of the complaint for breach of contract based on the tort of intentional infliction of mental distress are obviously barred because neither of the underlying contract or tort *429 claims are viable on this record for the reasons already stated.
Affirmed.