Barrington F. **WATKIS**, Plaintiff,

v.

**AMERICAN NATIONAL INSURANCE COMPANY**, Defendant.

No. 96–624–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

June 13, 1997.

Barrington F. Watkis, Tampa, FL, pro se.

Brett J. Preston, Hill, Ward & Henderson, P.A., Tampa, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Defendant, AMERICAN NATIONAL INSURANCE COMPANY's, motion for Summary Judgment (Docket No. 40) and supporting Memorandum of Law filed January 13, 1997 (Docket No. 41), Plaintiff, BARRINGTON F. WATKIS', response filed February 3, 1997 (Docket No. 47), and Defendant's reply filed February 28, 1997 (Docket No. 56).

### STANDARD OF REVIEW

A motion for summary judgment should be entered when the moving party has sustained its burden of showing that, when all the evidence is viewed in light most favorable to the non-moving party, there is no genuine issue of material fact in dispute. *Bolt v. Halifax Hosp. Med. Ctr.*, 980 F.2d 1381, 1385 (11th Cir.1993). Also, the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held:

> [T]he plain language of Fed.R.Civ.P. 56(c) mandates summary judgment after adequate time for discovery and upon motion against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial.

*Celotex*, 477 U.S. at 322, 106 S.Ct. at 2553. The Court further held that, pursuant to Rule 56(e), the non-moving party must go

beyond the pleadings to establish whether there are specific facts showing that a genuine issue for trial exists. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. A dispute is genuine, and summary judgment inappropriate, if a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Furthermore, the Eleventh Circuit Court of Appeals in *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir.1990), held with regard to *pro se* litigants:

> Although we must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, we hold that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.

### FACTUAL BACKGROUND

On November 21, 1972, Barrington Watkis and his wife, Irmgard, signed a joint whole life insurance policy with American National Insurance Company ("American National") while he was serving in the military overseas. In August 1983, Mr. Watkis retired from active military duty.

In 1985, Mr. Watkis wished to change his beneficiary on the life insurance policy. American National wrote him a letter dated December 5, 1985, explaining that his wife's consent was required to change her beneficiary status on their joint policy. Mr. Watkis sent a letter of protest to American National, believing that it had breached its promise with him. In a letter dated December 30, 1985, American National again explained that Irmgard's consent was required to change her beneficiary status on the joint policy the two of them had signed.

In January 1986, while living in Germany, Mr. Watkis attempted to surrender the policy for its cash value. American National insisted that Irmgard's consent be obtained, as the policy required. (No response was ever heard from the plaintiff) Mr. Watkis stopped making payments on the insurance policy by 1987.

Mr. Watkis, believing that American National was in breach of their promise to him, claims to have suffered emotional distress as a result. He was briefly hospitalized in 1989 after a collapse he attributes to his depression. Mr. Watkis then moved to Florida on or about December 1993. He filed a complaint March 1996, *pro se*, alleging breach of contract, intentional infliction of emotional distress, and various other statutory liabilities. American National now moves for summary judgment on all counts based on the running of the applicable statutes of limitations.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

■ This Court lacks jurisdiction to hear this case because the applicable statutes of limitations have expired. The statute of limitations found in chapter 95 of the Florida Statutes is applicable in this case based on the holding of *Rodriguez v. Pacific Scientific Co.*, 536 So.2d 270 (Fla.Dist.Ct.App.1988) (stating once an action is time-barred in Florida, the action cannot be maintained in Florida, regardless of whether the action would still be viable in the jurisdiction in which it arose). Time limitations begin to run when the last element constituting a cause of action occurs. *Fla. Stat.* § 95.031(1).

■ Count I of the complaint alleges misrepresentations made by American National in 1972. The plaintiff claims that, in 1985, he was damaged by American National's misrepresentations about changing beneficiaries and, in 1986, for misrepresentations about surrendering the cash value of the policy. Thus, based on these undisputed facts, the four-year time limitations for these claims ran out in 1989 and 1990, respectively. *Fla. Stat.* § 95.11(3)(j) (indicating that a cause of action founded on fraud is banned after four years). Thus, the defendant is entitled to summary judgment on Count I as a matter of law.

■ Count II of the complaint alleges intentional infliction of emotional distress because American National failed to surrender

the cash value of the account in 1986. Mr. Watkis alleges that, as a result, he suffered from severe depression that ultimately resulted with his collapse in 1989. The four-year statute of limitations period ran on this cause of action in 1993, measuring from the time of Mr. Watkis' collapse. *Ross v. Twenty–Four Collection, Inc.*, 617 So.2d 428 (Fla.3d Dist.Ct.App.1993) (stating the statute of limitations for an intentional infliction of emotional distress claim is four years). Therefore, the defendant is entitled to summary judgment as a matter of law on Count II.

■ Count III alleges that American National breached its promise to the plaintiff when it failed to change the beneficiary on the account in 1985. This cause of action expired in 1989 if it is based on statutory liability, or 1990, if it is based on a contract theory. *Fla. Stat.* § 95.11(3)(f) (indicating that a cause of action founded on statutory liability is banned after four years); *Fla. Stat.* § 95.11(2)(b) (indicating that a legal action on a contract is banned after five years). Thus, the defendant is entitled to summary judgment as a matter of law on Count III.

■ Count IV involves various claims for statutory liability, including one for deducting payments from the value of the policy in 1987. Being aware of his damages in 1985 or 1986, these claims were barred in 1989 or 1990. *Fla. Stat.* § 95.11(3)(f) (indicating that a cause of action founded on statutory liability is banned after four years). Therefore, the defendant is entitled to summary judgment on Count IV as a matter of law.

■ Count V is a breach of contract claim arising out of American National's failure to pay the policy cash surrender value in 1986. This claim expired in 1991. *Fla. Stat.* § 95.11(2)(b) (indicating that a legal action on a contract is banned after five years). Therefore, the defendant is entitled to summary judgment on Count V as a matter of law.

■ Equitable tolling of the statute of limitations may suspend the limitations period until the plaintiff is aware of a cause of action. This type of tolling "often focuses on the plaintiff's excusable ignorance or the limitations period and on [the] lack of prejudice to the defendant." *Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559 (11th Cir.1987); *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981). In this case, the plaintiff cannot claim excusable ignorance of a cause of action considering his statements in his deposition that he had such awareness.

■ The Court, as a matter of law, also rejects the plaintiff's response that the statute of limitations was tolled by his military service, because the cause of action arose well after his retirement from active military duty. 50 App. U.S.C.A. § 525; 50 App. U.S.C.A. § 511 (stating that "military service" terminates with the date of discharge from active service).

It is undisputed that by 1986 the plaintiff was aware that he had been damaged with respect to Counts I, III, IV, and V, and by 1989 with respect to Count II. The statutes of limitations applicable to each count bar relief for the plaintiff. There being no genuine issue of material fact, the motion for summary judgment must be granted for the defendant as a matter of law.

American National also raises other defenses based on Mr. Watkis' failure to state a claim upon which relief can be granted. However, we do not reach those issues because we grant the summary judgment motion on the issue of statute of limitations.

### Sua Sponte Consideration of Rule 11 Sanctions

■ The Court considered, *sua sponte*, whether Rule 11, Fed.R.Civ.P. sanctions against the plaintiff should be pursued, in light of his admission that he had not taken the time to read the policy before filing suit. The Court declines to do so at this time, but the Court cautions the plaintiff to be aware that Rule 11 "appl[ies] to anyone who signs a pleading, motion, or other paper." Notes of Advisory Committee on Rules, 1983 Amendment. In *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir.1990), the Seventh Circuit held that although the status of *pro se* litigants may be taken into consideration

by the Court, frivolous suits are subject to sanctions.

The Court, having considered all the arguments of the parties, is convinced that the motion for summary judgment should be granted. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment (Docket No. 40) be **granted** on and the Clerk of Court be **directed** to enter a judgment for the defendant.