NESBITT, J.
In March of 1994, at Miami International Airport, Arturo Jesus Ramos stopped the van he was driving, and got out. The driver-less van backed into Zenaida Rodriguez-Ces-pedes and her son (herein referred to collectively as Rodriguez) who were crossing a pedestrian walkway. Rodriguez sued Ramos, van service Southern Shuttle, and van owner Creative Leasing, Inc. (Creative). Rodriquez appeals the summary judgment entered in favor of Creative. On the following analysis, we reverse.
The claims against Creative, a long term lessor, were brought under a responde-at superior theory predicated upon Creative’s ownership of the van. Below, after Creative denied liability, both sides moved for summary judgment. Rodriguez cited to the dangerous instrumentality doctrine.[1] Creative claimed the exemption contained in section 324.021(9)(b), Florida Statutes (1987), which provides:
Owner/lessor. — Notwithstanding any other provision of the Florida Statutes or existing case law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/$300, 000 bodily injury liability and $50,000 property damage liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this subsection shall be applicable so long as the insurance required under such lease agreement remains in effect, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith.
Because the lease arrangement between Southern and Creative was long term in nature, the instant dispute centered on what insurance was required by the terms of the lease contract and how the statutorily-required $100,000/$300,000/$50,000 insurance procured by Southern had come into effect.
On April 1, 1993, Creative and Southern entered into their lease agreement. That agreement provided:
Insurance shall be procured for each vehicle and shall be maintained during the term of the lease as provided in lessee’s order with companies satisfactory to lessor. Prior to delivery of any vehicle, proof *813 of insurance will be provided as required by lessee and/or lessor.
The lease order provided only that Southern was to procure the insurance required under the lease. Neither the lease agreement, the vehicle lease order, the business use form, nor the insurance certification contained the 100/300/50 insurance requirement. There was testimony that during negotiations an officer of Creative had told an officer of Southern that it was Creative’s policy to require section 324.021’s 100/300/50 minimum insurance to be maintained by its lessees and that this policy was also in Creative’s training manual. By April 15, 1993, Southern had secured a liability policy with 100/300/50 coverage. The instant accident occurred some months later.
The trial judge concluded that while there had not been actual compliance with section 324.021(9)(b), there had been substantial compliance, and granted summary judgment in lessor’s favor. We find that Ady v. American Honda Finance Corp., 675 So.2d 577 (Fla.1996), while presenting a slightly different factual scenario, is nonetheless determinative.
In Ady, the lessor rather than the lessee had procured the insurance upon which the claim of an exemption was made.[2] The Supreme Court concluded that notwithstanding that insurance was available, absent strict compliance with the statute, the lessor could not qualify for the exemption sought. The court observed:
As we have repeatedly stated, the dangerous instrumentality doctrine is uniquely part of Florida’s common law; thus, section 324.021(9)(b) plainly is in derogation of the common law. It is a rule of statutory construction that a statute in derogation of the common law must be strictly construed. See Southern Attractions Inc. v. Grau, 93 So.2d 120 (Fla.1956). A court will presume that such a statute was not intended to alter the common law other than by what was clearly and plainly specified in the statute. See Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977). Moreover, any party seeking to receive the benefits of a statute in derogation of the common law must demonstrate strict compliance with the statute’s provisions. See Florida Steel Corp. v. Adaptable Developments, Inc., 503 So.2d 1232, 1234 (Fla.1986).
Guided by these rules of construction, we conclude that a lessor’s insurance policy cannot satisfy the requirements of section 324.021(9)(b) and exempt a lessor from liability under the dangerous instrumentality doctrine. Construing the statute, we agree with the district court in Gedert that the last phrase in the statute, “this paragraph shall be applicable so long as the insurance required under such lease agreement remains in effect,” refers to the insurance policy that the lessee is required to obtain under the lease. Narrowly construed, the exemption thus only applies to a limited class of long-term lessors in instances in which there has been strict compliance with the requirements of the statute; and this statute requires that the lessee obtain and maintain effective insurance. (Emphasis added.)
Ady, 675 So.2d at 582.
As observed in Aetna Casualty & Surety Co. v. Huntington National Bank, 609 So.2d 1315, 1317 (Fla.1992):
The statute places two restrictions upon the type of motor vehicle lease that would exempt the owner/lessor from liability: 1) the lease must be “for 1 year or longer”; and 2) the lease must require the lessee “to obtain insurance acceptable to the lessor which contains limits not less than $100,00/$300,000 bodily injury liability and $50,000 property damage liability.”
As stated in Abdala v. World Omni Leasing, Inc., 583 So.2d 330, 334 (Fla.1991), the legislature, by enacting subsection 324.021(9)(b), redefined “owner” of a motor vehicle “so as to exclude a long-term lessor upon satisfaction of the statutory preconditions.” The instant lease clearly did not contain this second precondition. In accord with Ady, this *814 failure to conform negated the lessor’s ability to receive the benefit of this statute in derogation of the common law. See Florida Steel Corp. v. Adaptable Developments, Inc., 503 So.2d 1232, 1234 (Fla.1986); Southern Attractions Inc. v. Grau, 93 So.2d 120 (Fla.1956). See also Folmar v. Young, 591 So.2d 220 (Fla. 4th DCA 1991)(plain meaning of the statute is that each lease agreement requires insurance in the stated minimum amounts).
Accordingly, the order under review is reversed and the cause remanded for summary judgment on this issue in appellants’ favor.

. Under the dangerous instrumentality doctrine an automobile owner is liable when negligent operation by an authorized driver causes injuries to third persons. See Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 638 (1920).

. The statute at the time specifically required that lessee obtain the insurance in order for the lessor to avail itself of the exemption.