738 So.2d 466 (1999)
Christopher M. LAYMAN, Appellant,
v.
Denise W. LAYMAN, Appellee.
No. 98-3499.
District Court of Appeal of Florida, Fourth District.
July 28, 1999.
Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellant.
Donald G. Criscuolo of Genet, Criscuolo & Milgrim, P.A., North Miami Beach, for appellee.
HAZOURI, J.
Christopher Layman (husband) appeals from an order denying his exceptions to the general master's report. The final judgment of dissolution of marriage was entered on September 3, 1997. The husband subsequently filed a petition to modify alimony on September 26, 1997. Through amendments and modifications to the petition, the husband also sought to modify the child support and visitation. The matters were heard before the general master and the trial court confirmed the general master's report.
*467 The husband raises five points on appeal, all of which we find without merit except his contention that the trial court erred in depriving him of the tax deduction for dependency of his two children for the years 1997, 1998 and 1999.
The dissolution of marriage ended the sixteen year marriage between the husband and Denise Layman (wife). Prior to the dissolution, the husband and wife entered into a mediation settlement agreement (agreement). The agreement was specifically approved and incorporated into the dissolution. The agreement awarded the wife rehabilitative alimony for 36 months at $650.00 per month with the husband receiving a credit in the amount of $186.00 for a loan he took out to satisfy the wife's car loan. In addition, the husband was to pay child support in the amount of $927.00 per month. The amount of child support conformed with the guidelines based on the husband's and the wife's net monthly incomes. An income deduction order provided that the alimony and child support payments were to be deducted from the husband's income and paid through the support enforcement division.
The agreement further provided that the parties would divide the costs of private school education with the husband paying 72% and wife paying 28% of the costs. The husband was entitled to claim a tax deduction for both children in 1997, 1998, and 1999 if he was current in his alimony and child support payments. Starting in the year 2000, each party would be entitled to a deduction for one child with the husband taking the deduction for the youngest child. Furthermore, the agreement awarded the marital home to the wife and provided for shared parental responsibility. The wife was designated the primary residential parent and the husband was given reasonable and liberal visitation.
Approximately three weeks after the final judgment of dissolution was entered, the husband filed a pro se petition to modify. The husband also filed a pro se supplemental petition to modify or change visitation. On November 25, 1997, through counsel, the husband filed an amended petition for modification of alimony and child support and to amend the final judgment as to his contribution for expenses of the minor children.
The agreement which was incorporated into the dissolution states that the parties would divide the costs of the children's private school education. It did not indicate the duration of such education. The husband claims the general master erred by failing to consider whether the parties had the ability to pay for private school and if the private schooling was in the best interest of the children. Both the husband and the wife agreed private schooling was important and specifically addressed the matter in the agreement.
Contrary to the husband's assertion, there was no evidence presented to indicate that private schooling would not be in the best interests of the children. In addition, the general master specifically found that the husband did not have a significant change in circumstances that would warrant removing the children from private school. Therefore, the husband's contention that the general master abused her discretion in denying his request to discontinue the children's private school education must fail.
However, the general master erred by ruling that the husband could not take the income tax deduction for the children due to his failure to pay the private school tuition. The agreement provided that the husband could claim the tax deductions if he was current in his child support and alimony payments. The plain language of the agreement does not label the husband's portion of the private school tuition as child support. The agreement indicates that the parties will divide the costs of tuition, with the husband responsible for 72 % and the wife responsible for 28 %. The agreement also states the husband *468 must pay $927.00 per month as child support pursuant to the guidelines. The agreement does not indicate what portion of the guidelines support was allotted to the wife. The fact that the agreement specifically set forth the wife's portion of tuition expenses, but fails to do so for the guideline child support obligation clearly indicates that these items were not considered to be child support. If the private school tuition was intended to be considered as child support, it would have been addressed in the income deduction order and it was not.
As further evidence of the fact that the private school tuition was not included as a part of the child support, it should be noted that if the husband's portion of the tuition is added to his child support obligation established in the agreement, he would pay an additional $162.00 per month. Adding these payments to the husband's child support obligation would constitute an upward departure of greater than five percent which would require written findings which was not done in this case. See § 61.30(1)(a), Fla. Stat. (1997).
We find that on the facts of this case the private school tuition is not a part of child support. Since the record reflects that the husband has remained current on his obligations for alimony and child support, we reverse that portion of the final order confirming the general master's report which deprives the husband of the tax deduction for the years 1997, 1998 and 1999. We affirm the final order in all other respects.
Affirmed in part and reversed in part.
DELL and GUNTHER, JJ., concur.