PLEUS, J.
Appellant, Jamie Dearing, appeals a final summary judgment in favor of appel-lee, General Motors Acceptance Corporation [GMAC]. We reverse.
This case arose when Dearing sued GMAC, Jason Redditt, Robert Redditt and John Hodak following a car accident in which she was seriously injured. Dearing alleged in her third amended complaint that she was a rear seat passenger in a 1999 GMC Suburban driven by Jason Red-ditt and leased from GMAC by his father, Robert Redditt, when Jason negligently and recklessly caused the vehicle to go into a high-speed slide during which it rolled over several times. Dearing also alleged that John Hodak, the front seat passenger, negligently contributed to the accident by trying to change seats with Jason when the vehicle was traveling at a speed of 75 miles per hour.
Dearing sued the Redditts and Hodak for negligence. She also sued GMAC, as owner of the vehicle, for negligence under the dangerous instrumentality doctrine. The issue on appeal is whether the lease between GMAC and Robert Redditt is a lease of one year or longer under section 324.021(9)(b)l., Florida Statutes (1999).
The lease is a typical form lease which GMAC designates as a “Smart Lease Agreement.” Redditt, as an employee of GMAC, qualified for a “New Vehicle Purchase Certificate.” Under the terms of the certificate, Redditt was given a special deal available only to GMAC employees using the vehicle for personal use. The employee was required to retain the leased vehicle for “at least six months from the date of delivery.” Thereafter, the employee could either terminate the lease or purchase the vehicle. It is the certificate and the formula used in the Smart Lease to establish Redditt’s liability for early termination which creates the legal issue in this case.
Presumably, the six month requirement was inserted to prevent the employee from purchasing a vehicle for a discount or purchasing a leased vehicle and reselling it to a third party at a profit while the vehicle was relatively new. If Redditt turned in the leased vehicle after six months, the lease was carefully structured to permit termination at zero cost to the lessee except for excess mileage and excess wear.
We do not view the fact that Redditt intended to keep the car for one year as relevant to the issue in this case. Nor is it relevant that the lease was terminated by the total destruction of the vehicle four weeks after delivery.
GMAC moved for summary judgment on the ground that it was exempt from liability based upon section 324.021(9)(b)l., an exception to the dangerous instrumentality doctrine for long-term lessors.[1] In addition to the argument that the lease did not fall within the statutory exemption, Dear-ing also argued in response that the lease was illusory and thus, unenforceable. Following a hearing, the trial court granted GMAC’s motion for summary judgment and entered a final judgment in its favor, finding that the lease was a one-year lease which was not illusory and unenforceable.
Section 324.021(9)(b) 1. provides in pertinent part the following:
324.021 Definitions; minimum insurance required.
[[Image here]]
(9) OWNER; OWNER/LESSOR.—
[[Image here]]
(b) Ownerfiessor.-Notwithstanding any other provision of the Florida Statutes or existing case law:
*1238 1. The lessor, under an agreement to lease a motor vehicle for 1 year or longer ... shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operation in connection therewith ...
The trial court was correct in its conclusion that the Smart Lease was not illusory and unenforceable even though Redditt could terminate the lease after six months with virtually no financial consequences. However, the issue in this case is whether the lease term is an agreement to lease a motor vehicle for 1 year or longer in strict compliance with section 324.021(9)(b)l.
Section 324.021(9)(b)l., a statutory exemption from liability under the dangerous instrumentality doctrine, must be strictly construed because it is in derogation of the common law. See Ady v. American Honda Finance Corp., 675 So.2d 577 (Fla.1996); Rodriguez-Cespedes v. Creative Leasing, Inc., 728 So.2d 811 (Fla. 3d DCA), rev. den., 744 So.2d 453 (Fla.1999). In Ady, the supreme court explained the applicable rules of statutory construction as follows:
As we have repeatedly stated, the dangerous instrumentality doctrine is uniquely part of Florida’s common law; thus, section 324.021(9)(b) plainly is in derogation of the common law. It is a rule of statutory construction that a statute in derogation of the common law must be strictly construed. See Southern Attractions Inc. v. Grau, 93 So.2d 120 (Fla.1956). A court will presume that such a statute was not intended to alter the common law other than by what was clearly and plainly specified in the statute. See Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977). Moreover, any party seeking to receive the benefits of a statute in derogation of the common law must demonstrate strict compliance with the statute’s provisions. See Florida Steel Corp. v. Adaptable Developments, Inc., 503 So.2d 1232, 1234 (Fla.1986).
Ady, 675 So.2d at 581.
The Smart Lease between GMAC and Robert Redditt provides that it is for a 12-month term. It also provides in part the following:
WHEN THE LEASE CAN END
16. SCHEDULED END. This lease is scheduled to end one month after the last payment is due.
17. EARLY END. You may end this lease anytime. We may end this lease if you are in default or if the vehicle is a total loss, [emphasis supplied].
Paragraph 17 of the Smart Lease, in and of itself, does not take the lease out of the statutory exemption provided the lease makes the lessee liable for the remaining payments. In the normal case of a non-employee without a certificate, that would be the case.
However, Dearing contends that GMAC’s lease does not fall within the exemption of section 324.021(9)(b)l. because it is terminable at will after six months without any realistic monetary liability for the remaining payments. She analogizes it to a discretionary or indefinite term of employment which is terminable at will and for which a breach of contract action may not be maintained. See DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla.1980); Spanish Broadcasting System of Florida, Inc. v. Alfonso, 689 So.2d 1092 (Fla. 3d DCA 1997); Ross v. Twenty-Four Collection, Inc., 617 So.2d 428 (Fla. 3d DCA 1993). She maintains that the lease is, in essence, an agreement to lease a motor vehicle for six months because, in reality, its term is thereafter within the lessee’s discretion.
We agree with Dearing that the language of the Smart Lease and the formula which sets forth Redditt’s liability for early termination after six months, construed in pari materia, do not strictly comply with *1239 section 324.021(9)(b)l. See Harris Air Systems, Inc. v. Gentrac, Inc., 578 So.2d 879 (Fla. 1st DCA 1991) (court construed written provisions in subcontract and contract in pari materia).
A lease is a contract. See Ludal Development Co. v. Farm Stores, Inc., 458 So.2d 781 (Fla. 3d DCA 1984), rev. den., 467 So.2d 1000 (Fla.1985); Fernandez v. Vazquez, 397 So.2d 1171 (Fla. 3d DCA 1981). As such, ordinary rules of contract construction apply and the unambiguous terms of the lease must be construed based upon its plain language. See State v. American Tobacco Co., 723 So.2d 263 (Fla.1998); Layman v. Layman, 738 So.2d 466 (Fla. 4th DCA 1999); Detwiler v. Bank of Central Florida, 736 So.2d 757 (Fla. 5th DCA 1999). Because the lease does not comply with the statutory requirement that it be an agreement to lease a motor vehicle for 1 year or longer, GMAC is not entitled to the benefits of the narrow exception created by the statute.
REVERSED.
W. SHARP, J., and JOHNSON, W. C., Associate Judge, concur.

. Lessors for one year or longer.