■ JOHN C. SALOMON, Appellant, v HAMPTON ATHLETIC CLUB, INC., Defendant, and CHARLES J. VANDERCOOK et al., Respondents. [666 NYS2d 19] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered May 14, 1996, as granted the separate motions of the defendants Walter C. Goldstein, Charles J. Vandercook, and North Fork Bank to dismiss the complaint insofar as asserted against them, and (2) an order of the same court, dated January 15, 1997, as, in effect, upon renewal, adhered to the prior determination.

Ordered that the appeal from the order entered May 14, 1996, is dismissed, as that order was superseded by the order dated January 15, 1997, made upon renewal; and it is further,

Ordered that the order dated January 15, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the plaintiff's assertion, the court properly dismissed the second cause of action, asserted against the defendants Walter C. Goldstein, Charles J. Vandercook, and North Fork Bank, since the allegations of fraud were insufficiently detailed to satisfy CPLR 3016 (b). The plaintiff claims that the appellants misrepresented to him that they would pay him what he was owed pursuant to the terms of a contract he entered into with the defendant Hampton Athletic Club, Inc. (hereinafter HAC), if he forbore from filing a mechanic's lien against HAC's real property. Although the alleged misrepresentation was made directly to the plaintiff and he must have known the details of it, he failed to specify them in the complaint (*compare, Grumman Aerospace Corp. v Rice,* 196 AD2d 572).

The third cause of action, asserted against the defendant North Fork Bank, seeks recovery in quasi-contract based on the doctrine of unjust enrichment. However, the record indicates that the purported quasi-contract arises out of the same subject matter governed by the written contract between the plaintiff and HAC. Under these circumstances, this cause

of action was properly dismissed (*see, Julien J. Studley, Inc. v New York News,* 70 NY2d 628; *Standardbred Owners Assn. v Yonkers Racing Corp.,* 209 AD2d 507; *Mariacher Contr. Co. v Kirst Constr.,* 187 AD2d 986). Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.