■ GABRIELLE LAYDEN, Appellant, v STEVEN A. BOCCIO et al., Respondents. [686 NYS2d 763] —In an action, *inter alia,* to recover the proceeds of a loan, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated August 27, 1997, which denied her motion for summary judgment.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment on her first cause of action and substituting therefor a provision (a) granting summary judgment on the issue of liability with regard to the note dated November 21, 1988, and (b) granting summary judgment on both liability and damages with regard to the loan in the sum of $75,000, and (2) adding a provision thereto that, upon searching the record, summary judgment is awarded to the defendants dismissing the second, third, and fourth causes of action, and those causes of action are dismissed; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The plaintiff established a prima facie case that she was entitled to summary judgment on the note dated November 21, 1988, by proof of the existence of the note and proof of the defendant Stephen Boccio's default in payment of the note after due demand (*see, Money Store v Kuprianchik,* 240 AD2d 398; *Naugatuck Sav. Bank v Gross,* 214 AD2d 549; *Samsung Am. v Noah,* 209 AD2d 367). In order to defeat the plaintiff's entitlement to summary judgment it was incumbent upon the defendants to demonstrate the existence of a bona fide defense by evidentiary facts, and not one based upon conclusory allegations (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Curwil Constr. Corp. v RHP Dev. Corp.,* 194 AD2d 514, 515). While there may be an issue of fact as to whether Boccio should be credited for payments he made in the sum of approximately $5,000, this circumstance does not warrant the denial of summary judgment on the issue of liability (*see, Crest/Good Mfg. Co. v Baumann,* 160 AD2d 831).

The plaintiff further established that she was entitled to summary judgment on a loan in the amount of $75,000 made by her to Boccio in January 1989 (*see, Breiterman v Elmar Props.,* 123 AD2d 735). In addition to Boccio's admissions, the plaintiff submitted canceled checks evidencing that the loan was made.

However, the second, third, and fourth causes of action alleging fraud, breach of fiduciary duty, and unjust enrichment are based upon the same allegations contained in the first cause of action to recover damages for breach of contract. Since the plaintiff is not alleging tort liability or a breach of a duty distinct from, or in addition to, the breach of contract claim, these causes of action should be dismissed (*see, Julien J. Studley, Inc. v New York News,* 70 NY2d 628; *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 179; *Salomon v Hampton Athletic Club,* 245 AD2d 282; *Standardbred Owners Assn. v Yonkers Racing Corp.,* 209 AD2d 507; *Mastropieri v Solmar Constr. Co.,* 159 AD2d 698; *Roldan v Allstate Ins. Co.,* 149 AD2d 20, 39). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.