736 So.2d 757 (1999)
Bambi Lynn Marini DETWILER, Appellant,
v.
BANK OF CENTRAL FLORIDA, etc., et al., Appellees.
No. 98-2289.
District Court of Appeal of Florida, Fifth District.
July 2, 1999.
*758 Bryan C. Hugo, Bellevue, for Appellant.
Traci H. Rollins of Steel, Hector & Davis, LLP, West Palm Beach, for Appellee.
ANTOON, C.J.
Bambi Detwiler and her father Peter Marini jointly owned a Prudential-Bache, Inc. (Prudential) securities account. After Mr. Marini died intestate, Ms. Detwiler sued Prudential alleging that Prudential had improperly closed the account and distributed its proceeds to Mr. Marini without her consent. The second amended complaint contained separate counts for breach of contract and breach of fiduciary duty. In its order dismissing the complaint, the trial court ruled that the breach of contract claim failed as a matter of law, and the breach of fiduciary duty claim was barred by Florida's economic loss rule.[1] Ms. Detwiler appeals. We affirm.
In December 1990, Ms. Detwiler and Mr. Marini opened a joint account with Prudential for the purchase and sale of securities. The agreement provided that it "shall be governed by and construed in accordance with the laws of the State of New York." The agreement also stated that Prudential would:
[A]ccept from any one of [the joint account holders] any and all orders and instructions for and concerning the said account, as though all of [the joint account holders] so ordered or instructed you jointly in regard to the following:... (2) The payment of money ... (4) Any other action with reference to this account.
The agreement further provided:
Payment of money may be made from time to time by delivering or sending to any one of [the joint account holders] [a] check made payable to any of our individual order or to our joint order providing, however, we understand and agree that you have the right, in your sole discretion, to refuse to make payment to the individual order of any of us.
In March 1992, Prudential closed the joint account at Mr. Marini's request. Prudential issued a check to Mr. Marini for $179,855, the closing balance of the account. The check was made payable to Mr. Marini and Ms. Detwiler, but Mr. Marini alone negotiated the check after forging Ms. Detwiler's signature.
With regard to Ms. Detwiler's breach of contract claim, the trial court dismissed the claim stating that the terms of the joint account agreement specifically authorized Prudential to deliver the proceeds of the account to either one of the account owners. In so ruling, the trial court properly relied on the above quoted language from the joint account agreement which was attached to the second amended complaint as an exhibit.
A party may not maintain a claim for breach of contract where the plain language of the contract upon which the claim is based unambiguously establishes that the defendant did not breach the duty alleged in the complaint. See Namad v. Salomon, Inc., 74 N.Y.2d 751, 545 N.Y.S.2d 79, 543 N.E.2d 722 (1989). The trial court correctly recognized that the joint account agreement conclusively established that Prudential was authorized to distribute the account's proceeds to Mr. Marini without Ms. Detwiler's consent. Accordingly, we affirm the trial court's order dismissing the breach of contract claim.
With regard to Ms. Detwiler's claim that Prudential breached its fiduciary duty, the trial court evidently applied a conflict of law analysis, concluding that Florida law *759 applied since the cause of action was a tort. The court then ruled that the claim was barred by Florida's economic loss rule. Ms. Detwiler contends that the trial court erred in applying Florida law instead of New York law, arguing that she would be able to maintain an action for breach of fiduciary duty under New York law. However, case law demonstrates that Ms. Detwiler cannot maintain an action for breach of fiduciary duty under the law of either state. See Bozeman v. Hernando County, 548 So.2d 300 (Fla. 5th DCA 1989)(holding that a de novo standard of review pertains to an order of dismissal.)
Under Florida law, a cause of action for breach of fiduciary duty will not lie where the claim of breach is dependent upon the existence of a contractual relationship between the parties. See Greenfield v. Manor Care, Inc., 705 So.2d 926, 932 (Fla. 4th DCA 1997), rev. denied, 717 So.2d 534 (Fla.1998). This is true because the duty is owed only as a result of the existence of the contract. Accordingly, the economic loss rule limits the plaintiff to pursuing her rights in contract. Id.
Similarly New York law prohibits a claim for breach of fiduciary duty when the only claim asserted is that the defendant breached the contract between the parties. Stated another way, if a plaintiff is not able to allege that a duty exists between the parties which is distinct from the obligations set forth in the parties' contract, then the plaintiff cannot maintain an action for breach of fiduciary duty based on the same allegations contained in her claim for breach of contract. See Layden v. Boccio, 253 A.D.2d 540, 686 N.Y.S.2d 763 (1998).
Here, Ms. Detwiler did not allege any facts regarding a relationship between herself and Prudential that created a fiduciary duty separate from the relationship established by the terms of the parties' contract. In fact, in her complaint, Ms. Detwiler alleged:
PRUDENTIAL entered a contractual agreement with Plaintiff and Peter Marini on December 4, 1990, which established a joint Prudential-Bach Securities Account.... PRUDENTIAL negligently failed to notify Plaintiff of the closing of the account by Peter Marini until approximately six months later, thereby breaching its fiduciary duty to Plaintiff and depriving Plaintiff of her share of the funds from the joint account.
Accordingly, the trial court properly dismissed her claim for breach of fiduciary duty.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] See Casa Clara Condominium Association, Inc. v. Charley Toppino & Sons, Inc., 620 So.2d 1244, 1245 (Fla.1993) (explaining Florida's economic loss rule).