■ PATRICIA E. SOVIERO, Appellant, v CARROLL GROUP INTERNATIONAL, INC., et al., Respondents. [813 NYS2d 49]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered January 13, 2005, which granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint to the extent of dismissing the second through sixth causes of action, unanimously affirmed, without costs.

Plaintiff, a sales agent for a real estate brokerage firm, alleges an oral agreement that promised her a 50% commission on any transaction in which she secured for the firm an exclusive right to sell. Plaintiff introduced to the firm the co-executor of an estate with a condominium unit it wished to sell. She attended the meeting at which were discussed the details of a proposed exclusive agreement that would allegedly grant her prime responsibility for marketing the unit. However, despite plaintiff's diligent marketing efforts in this regard, she was fired by the firm, which then sold the unit without paying her any commission.

Plaintiff asserted causes of action for breach of an oral employment agreement, for wages, statutory liquidated damages and statutory attorneys' fees under the Labor Law, for conversion and conspiracy to commit conversion by the individual defendants, and for punitive damages for intentional tort. All but the breach of contract claim were dismissed on defen-

dants' motion. We agree that the causes of action for conversion and conspiracy, and for punitive damages, as well as those predicated on Labor Law §§ 190, 191 and 198, did not state valid claims for relief.

Plaintiff was no longer an "employee" (Labor Law § 190 [2]) or a "commission salesman" (§ 190 [6]) of the brokerage firm after her termination, such as would entitle her to wages or a commission (§ 190 [1]; § 191 [1] [c]). Moreover, in order to assert a cause of action for conversion, which is the unauthorized assumption and exercise of the right of ownership of goods belonging to another, to the exclusion of the owner's rights (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995]), a plaintiff must have exercised ownership, possession or control of the property in the first place (*see City of New York v 611 W. 152nd St.*, 273 AD2d 125, 126-127 [2000]). Plaintiff never had such ownership, possession or control of the funds she alleges were converted. Finally, since plaintiff does not set forth a valid claim for conversion or conspiracy to convert, she has no viable claim for punitive damages, which are not recoverable for ordinary breach of contract (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]). Concur—Buckley, P.J., Andrias, Saxe, Friedman and Williams, JJ.