■ BIRON V.L. TURECAMO et al., Appellants, v B. DAVID TURECAMO, Respondent. [866 NYS2d 637]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 5, 2007, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The claim for tortious interference with contract is time-barred, having been brought more than three years after the cause of action accrued and damages were suffered (CPLR 214 [4]; *see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 92 [1993]). The transfer of stock was completed no later than 1999, after which defendant began receiving income from his ownership. The fact that the stock became more valuable with the 2005 sale of real property held by the corporation did not create a separate date of injury, but merely increased the potential damages.

Since plaintiffs never owned, possessed or controlled the stock, they could not maintain an action for its conversion (*see Soviero v Carroll Group Intl., Inc.*, 27 AD3d 276, 277 [2006]). In any event, such a claim is untimely (CPLR 214 [3]; *see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995]). Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ. [*See* 2007 NY Slip Op 31956(U).]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW VOSS, Appellant. [865 NYS2d 552]—Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered on or about October 2, 2006, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.