■ GERMAN DEL POZO, Appellant, v IMPRESSIVE HOMES, INC., et al., Defendants, and MERCI ASTUDILLO et al., Respondents. [944 NYS2d 768]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered October 6, 2010, which granted the separate motions of the defendants Merci Astudillo and Bolivar Astudillo and the defendant National City Corporation, also known as National City Bank, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

This action arises from the cancellation of a contract for the sale of real property between the plaintiff and the defendant Impressive Homes, Inc. On or about March 5, 2004, together with the summons and verified complaint, the plaintiff filed a notice of pendency with the Queens County Clerk against the subject property known as Block 1742, Lot 49, on the Tax Map of Queens County. Due to a clerical error, the notice of pendency was filed but was not indexed against the property at the time. Thereafter, the property was bought and sold, and various mortgages were granted and recorded against the property. Approximately three years after the action was commenced and the notice of pendency was initially filed, the plaintiff moved to extend the notice of pendency and discovered that it had never been indexed against the property by the Clerk. Soon thereafter, the Queens County Clerk remedied the error and indexed the notice of pendency against the property. The plaintiff thereafter amended his complaint to name as defendants the various subsequent purchasers and encumbrancers of the property.

The defendants Merci Astudillo and Bolivar Astudillo (hereinafter together the Astudillos) moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they were bona fide purchasers for value without notice, actual or constructive, of the plaintiff's claim. The defendant National City Corporation, also known as National City Bank (hereinafter National City Bank), also moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was a bona fide encumbrancer for value without notice, actual or constructive, of the plaintiff's claim. Since the notice of pendency was not indexed against the property, neither the Astudillos nor National City Bank could, in the exercise of due diligence, have discovered the plaintiff's claim. The Supreme Court agreed and, inter alia, held that the

unindexed notice of pendency could not have put the Astudillos or National City Bank on constructive notice of the claim.

An error in indexing a notice of pendency prevents a record of that instrument from constituting constructive notice from the time that the notice of pendency is filed through the period that the indexing error remains uncorrected. While a subsequent conveyance or encumbrance that is recorded after the filing of the notice of pendency is bound by all proceedings taken in an action, the notice of pendency must be indexed in a block index in order for the notice of pendency to afford constructive notice of the instrument (*see* CPLR 6501; *cf. V & D Realty USA Corp. v Mitso Group*, 240 AD2d 562 [1997]; *Baccari v De Santi*, 70 AD2d 198, 202 [1979]; Real Property Law § 316; County Law § 919 [1] [j]).

Here, it is undisputed that neither the Astudillos nor National City Bank had actual notice of the plaintiff's claim. Moreover, neither the Astudillos nor National City Bank had constructive notice of the claim since the notice of pendency was not indexed against the subject property at the time that the Astudillos acquired their interest in the subject property and at the time National City Bank encumbered the subject property.

Accordingly, the Astudillos' interest in the subject property was not subject to the plaintiff's claim and, therefore, the Supreme Court properly granted the Astudillos' motion for summary judgment dismissing the complaint insofar as asserted against them. Likewise, National City Bank's mortgage was not subject to the plaintiff's claim and, therefore, the Supreme Court properly granted National City Bank's motion for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32824(U).]**