CHRISTOPHER-EARL STRUNK, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. [5 NYS3d 483]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 11, 2012, as granted the separate motions of the defendants Joseph A. O'Hare, S.J., and Joseph P. Parkes, S.J., the defendant Frederick A.O. Schwarz, Jr., the defendant Peter G. Petersen, the defendants Zbigniew Kaimierz Brzezinski, Mark Brzezinski, and Ian J. Brzezinski, the defendants Barack Obama, Joseph R. Biden, Jr., Obama for America, Obama Victory Fund, Nancy Pelosi, and Penny S. Pritzker, the defendants McCain Victory 2008, McCain-Palin Victory 2008, and John S. McCain, the defendant George Soros, the defendant John A. Boehner, and the defendants Socialist Workers Party and Róger Calero to dismiss the complaint insofar as asserted against each of them, sua sponte, directed dismissal of the complaint insofar as asserted against all other defendants, permanently enjoined him from commencing any further actions against the defendants without approval of the

"appropriate Administrative Justice or Judge," and directed a hearing to consider the imposition of costs and sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal from so much of the order as, sua sponte, directed a hearing to consider the imposition of costs and sanctions pursuant to 22 NYCRR 130-1.1., is dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice, and we decline to grant leave to appeal from that portion of the order (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that on the Court's own motion, the appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the nonmoving defendants and permanently enjoined the plaintiff from commencing any further actions against the defendants without approval of the "appropriate Administrative Justice or Judge" is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether, from the complaint's "four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Country Pointe at Dix Hills Home Owners Assn., Inc. v Beechwood Org.*, 80 AD3d 643, 649 [2011]; *Fishberger v Voss*, 51 AD3d 627 [2008]). Although the facts pleaded are presumed to be true and are to be accorded every favorable inference (*see Gershon v Goldberg*, 30 AD3d 372 [2006]), "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Riback v Margulis*, 43 AD3d 1023, 1023 [2007]; *see Baron v Galasso*, 83 AD3d 626 [2011]), nor are legal conclusions or factual claims which are inherently incredible entitled to any such consideration (*see Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 430 [2005]). Applying the above principles here, the Supreme Court properly concluded that the complaint failed to state a cause of action, and properly granted the separate motions of several defendants pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them on that ground.

Under the circumstances of this case, the Supreme Court

also properly, sua sponte, directed dismissal of the complaint insofar as asserted against the nonmoving defendants, and permanently enjoined the plaintiff from commencing any further actions against the defendants without approval of the "appropriate Administrative Justice or Judge."

Insofar as the complaint sought to recover money damages against the defendant New York State Board of Elections (hereinafter the Board) and the defendants James A. Walsh, Douglas A. Kellner, Evelyn J. Aquila, Gregory P. Peterson, Todd D. Valentine, Stanley Zalen, Andrew Cuomo, Eric T. Schneiderman, Thomas P. DiNapoli, and Ruth Noemi Colon (hereinafter collectively the State defendants) in their official capacities, the Supreme Court lacked subject matter jurisdiction over those causes of action (*see Morell v Balasubramanian*, 70 NY2d 297, 300 [1987]; *D'Angelo v State Ins. Fund*, 48 AD3d 400, 402 [2008]). "[A] defect in subject matter jurisdiction may be raised at any time by any party or by the court itself, and subject matter jurisdiction cannot be created through waiver, estoppel, laches or consent" (*Burke v Aspland*, 56 AD3d 1001, 1003 [2008]; *see Financial Indus. Regulatory Auth., Inc. v Fiero*, 10 NY3d 12, 17 [2008]). Accordingly, the Supreme Court properly directed the dismissal of the causes of action seeking money damages against the Board and the State defendants in their official capacities.

With respect to the other causes of action asserted against the Board and the State defendants, as well as the causes of action asserted against the other nonmoving defendants, while public policy mandates free access to the courts, where, as here, a party abuses the judicial process by engaging in meritless litigation motivated by spite or ill will, that right is forfeited (*see Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]; *see also Breytman v Schechter*, 101 AD3d 783 [2012]; *Matter of Simpson v Ptaszynska*, 41 AD3d 607, 608 [2007]; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996]; *Sassower v Signorelli*, 99 AD2d 358, 359 [1984]). Accordingly, the Supreme Court properly, sua sponte, directed the dismissal of those causes of action.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.