**Jimenez v 241 B LLC**

2025 NY Slip Op 31811(U)

May 19, 2025

Supreme Court, Kings County

Docket Number: Index No. 528448/2024

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the Supreme Court of the State of New York, Kings County, at the Courthouse located at 360 Adams Street, Brooklyn, New York on the 19th day of May 2025.

P R E S E N T:  HON. ANNE J. SWERN, J.S.C.

==================================================

JOSE LUIS JIMENEZ,

*Plaintiff,*

-against-

241 B LLC, ROY RAVE, 2 OAK FUNDING LLC, BROOKLYN LAND TITLE AGENCY, LLC, FIRST NATIONAL REAL ESTATE SERVICES, LLC, MICHAEL AROUNIAN, ESQ. and RAFAELINA I. REYES,

*Defendants.*

==================================================

**AMENDED
DECISION & ORDER**

Index No.:      528448/2024

Calendar No.: 19, 20, 21 & 22

Motion Seq.:   001, 002, 003 & 004

*Recitation of the following papers as required by CPLR 2219(a):*

**Papers Numbered**

**MS001** Plaintiff's Order to Show Cause, Affirmations, Affidavits and Exhibits (NYSCEF 4-17, 26-33)............................................1, 2

Affirmation and Exhibits in Opposition (NYSCEF ) ........................................3

Reply Affirmation and Exhibits (NYSCEF ) ......................................................4

**MS002** Defendant Reyes' Notice of Motion, Affirmations, Affidavits and Exhibits (NYSCEF 19-25).......................................................5, 6

Affirmation, Affidavit and Exhibits in Opposition (NYSCEF 57-60) ...........................................................7

Reply Affirmation and Exhibits (NYSCEF 67--68) .........................................8

**MS003** Defendant Brooklyn Land Title Agency LLC's Notice of Motion, Affirmation, Exhibit and Memorandum of Law (NYSCEF 43-46) ............9, 10

Affirmation and Affidavit in Opposition (NYSCEF 63-64) ...........................11

Reply Affirmation and Exhibits (NYSCEF 65)................................................12

**MS004** Defendant Arounian's Notice of Motion, Affirmations, and Exhibits (NYSCEF 51-56) ..........................................13, 14

Affirmation, Affidavit and Memorandum of Law in Opposition (NYSCEF 51-56).........................................................15

Reply Memorandum of Law (NYSCEF 66)....................................................16

*528448/2024*
*Page 1 of 10*

1 of 10

[* 1]

*Upon the foregoing papers and after oral argument, the decision and order of the Court is as follows:*

Plaintiff commenced this action for equitable relief and monetary damages concerning his alleged ownership interest in 241 Blake Avenue, Brooklyn, New York 11212, also known as 255 Chester Street, Brooklyn, New York 11212, Block 3435 and Lot 1 ("the premises"). The summons and complaint alleges six causes of action, *i.e.,* 1) fraud and conspiracy to commit fraud against all defendants, 2) conversion against Reyes, and 3) quiet title[1] and unjust enrichment against Reyes, and 241 B LLC.

**Background**

Jimenez and Reyes have three children together. Jimenez deeded the premises to Reyes on 12/14/1998 subject to the existing Greenpoint Mortgage (*See* quitclaim deed, NYSCEF 9). On 8/6/2021, Reyes commenced an action under Index #519847/2021 against Jimenez to quiet title and declare her the exclusive titleholder of the premises in fee simple absolute under RPAPL § 1501 (NYSCEF 10).

Jimenez served an answer with a counter claim alleging that the premises was transferred to Reyes subject to a constructive trust for his benefit. Therefore, Reyes would be unjustly enriched if she retained full ownership. The counter claim demanded that the Court 1) cancel the 12/14/1998 quitclaim deed, or in the alternative, compel Reyes to transfer ownership to Jimenez

---

[1] Although it is not specified which defendants the quiet title action applies to, it can only apply Reyes and 241 B LLC. *See* RPAPL § 1501. 1**.** Where a person claims an estate or interest in real property…such person…may maintain an action against any other person…to compel the determination of any claim adverse to that of the plaintiff which the defendant makes…

*See also,* RPAPL § 1511. In an action brought under this article, the person in possession shall be made a party to the action, and when such person claims the right of possession, or an interest in the real property, under another, such other person shall also be made a party.

and 2) a money judgment in an amount to be determined together with costs and reasonable attorney's fees. (NYSCEF 59).

During the pendency of the quiet title action, Reyes executed a Bargain and Sale Deed with Covenant Against Grantors Act selling the premises to 241 B LLC for $440,000.00 (NYSCEF 12). Jimenez alleges that in an attempt to settle the quiet title action, the parties contemplated transferring the property to their children (NYSCEF 58, ¶5). Jimenez also alleges that before Reyes sold the property, he spoke with defendant Rave, the agent of 241 B LLC to negotiate a sale with both parties. Rave was aware that the quiet title action was pending (NYSCEF 21, ¶4). Jimenez then attempted to file a Notice of Pendency against the property on 7/18/2024 but the filing was rejected by the Clerk advising Jimenez that a Court Order was necessary.[2] Rave, as the agent of 241 B LLC, served a Ten (10) Day Notice of Termination of License on 10/7/2024 for the tenants to vacate the premises (NYSCEF 13). Jimenez commenced this action on 10/21/2024 and filed a Notice of Pendency against the premises (NYSCEF 15).

**Procedural Facts**

Jimenez has now moved by Order to Show Cause for an order restraining defendants from 1) transferring, selling, disposing or encumbering the premises and 2) evicting the commercial and residential tenants threat. The request for a temporary restraining order pending a hearing on the return date was denied. (MS 001). The Order to Show Cause is granted against 241 B LLC, the current owner of the property, and Roy Rave as its agent, as neither have not opposed this application. However, the request for a temporary restraining order is denied as to all other defendants as they do not have an ownership interest in the property.

---

[2] *See* "Comments" tab in Index #519847/2021

[* 3]

Reyes has moved for an order dismissing this action pursuant to CPLR § 3211 [a] [1], [7] and [8] (MS 002). Brooklyn Land Title Agency LLC (BLTA) and Arounian have also moved to dismiss this action in its entirety pursuant to CPLR § 3211 [a] [1] and [7] (MS 003 and 004).

**Law & Analysis**

### a) CPLR § 3211 [a] [1]

"A motion pursuant to CPLR § 3211 [a] [1] to dismiss the complaint on the ground that the action is barred by documentary evidence may be [appropriately] granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense, as a matter of law" (*Karpovich v City of New York*, 162 AD3d 996, 997 [2d Dept 2018] *citing Mawere v Landau*, 130 AD3d 986, 987 [2d Dept 2015]; *see also Beal Sav. Bank v Sommer,* 8 NY3d 318, 324 [2007] and *Goshen v Mutual Life Insurance Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "To constitute 'documentary' evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and other papers, the contents of which are essentially undeniable" (*Karpovich v City of New York*, 162 AD3d at 997-998; *see Prott v Lewin & Baglio*, 150 AD3d 908, 909 [2d Dept 2017]). Affidavits submitted in support of such motion do not qualify as documentary evidence because their "contents can be controverted by other evidence, such as another affidavit" (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2d Dept 2017]; *Prott v Lewin & Baglio*, 150 AD3d 909).

### b) CPLR § 3211 [a] [7]

Plaintiffs may submit affidavits in opposition to a motion to dismiss pursuant to CPLR § 3211 [a] [7] but the statute does not obligate them to do so to avoid a dismissal (*See Rovello v Orofino Realty Co.,* 40 NY2d 633, 635 [1976]). Therefore, plaintiff may stand on the pleadings

[* 4]

alone, "confident that its allegations are sufficient to state all of the necessary elements of a cognizable cause of action" to survive a motion to dismiss under CPLR § 3211 [a] [7] (*id.*). When determining a CPLR § 3211 [a] [7] motion, the Court must accept the factual allegations in the complaint as true and "accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit into any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 88 [1994]). However, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to such consideration…nor are legal conclusions or factual claims which are inherently incredible" (*Strunk v NY State Bd. of Elections*, 126 AD3d 777, 778 [2d Dept. 2015]).

When the parties submit evidentiary material outside the pleadings for the Court's consideration and the motion is not converted to one for summary judgment, "the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, [a] dismissal should not [be granted]" (*Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC,* 152 AD3d 478, 480 [2d Dept. 2017]).

### c) **Fraud**

A plaintiff must establish the elements of fraud by detailing the misconduct that constitutes the wrong (CPLR R. 3016; *Scifo v Taibi,* 126 AD3d 777, 778 [2d Dept. 2015]). The elements of fraud are as follows: 1) a representation of material fact, 2) the falsity of that representation, 3) knowledge by the party who made the representation that it was false when made, 4) justifiable reliance by the plaintiff, and 5) a resulting injury (*id.*). Further, allegations of "a mere conspiracy to commit a tort is never of itself a cause of action" (*Alexander & Alexander,*

*Inc. v Fritzen,* 68 NY2d 968, 969 [1986]). The conspiracy allegations merely provide the predicate basis for an otherwise actionable tort and do not constitute a "freestanding claim for conspiracy (*Carlson v American International Group, Inc.,* 30 NY3d 288, 310 [2017]).

**d) <u>Unjust Enrichment and Conversion</u>**

A cause of action for unjust enrichment "lies as a quasi-contract claim" (*Goldman v Metro Life Ins. Co.,* 5 NY3d 561, 572 [2005]). The law creates an obligation in the absence of any agreement, breach of duty or tort liability distinct from other duplicative causes of action and allegations (*id.*; *Layden v Boccio,* 253 AD2d 540, 541 [2d Dept. 1998]). However, "an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." (*Scifo v. Taibi,* 198 AD 3d 704, 706 [2d Dept. 2021] [The Court affirmed the dismissal of plaintiff's unjust enrichment claim where plaintiff also included a cause of action for conversion.]).

To sustain cause of action for conversion, plaintiff must allege "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights. Money, if specifically identifiable, may be the subject of a conversion action." (*Scifo v. Taibi,* 198 AD 3d 706).

**<u>Analysis</u>**

**a) <u>Fraud and Conspiracy to Commit Fraud</u>**

Plaintiff's first cause of action for fraud and second cause of action for conspiracy to commit fraud are dismissed against all movants (*Carlson v American International Group, Inc.,* 30 NY3d 310 and *Alexander & Alexander, Inc. v Fritzen,* 68 NY2d 969). Plaintiff elected to go beyond his pleadings and submit affidavits. In the complaint, and the affidavits in opposition to

each motion, plaintiff has failed to allege specific fraudulent misrepresentations by Reyes that she would not sell the property during the pendency of the litigation and settlement negotiations, which induced him to refrain from filing a Notice of Pendency or seek an injunction in Index #519847/2021. The Notice of Pendency would have provided actual or constructive notice to BLTA and Arounian that plaintiff had a potential claim to the property (*Del Pozo v Impressive Homes, Inc.,* 95 AD3d 1263, 1265 [2d Dept. 2012]).[3]

The complaint and plaintiff's affidavits also failed to allege any misrepresentations by BLTA or Arounian to plaintiff (*Scifo v Taibi,* 126 AD3d 778 and *Alexander & Alexander, Inc. v Fritzen,* 68 NY2d 969). In plaintiff's affidavits submitted in opposition to defendants' motions to dismiss failed to allege he had any contact with the BLTA and Arounian. Plaintiff's facts are not facts at all (*Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC,* 152 AD3d 480).

### b) Conspiracy to Commit Fraud, Quiet Title, Unjust Enrichment, and Conversion

Plaintiff's allegations of a conspiracy to commit fraud also do not constitute a separate and freestanding tort against Reyes, and seek duplicative relief as plaintiff's counter claim in Index #519847/2021, and the cause of actions for quiet title and conversion against Reyes in this action (*Layden v Boccio,* 253 AD2d 540).

Plaintiff has sufficiently pleaded a cause of action for conversion, *i.e.,* he relied on an oral agreement that the property would be held in a constructive trust based on his possession and occupancy of the premises, management and maintenance of the property *(*NYSCEF 58, ¶2; *Salatino v Salatino,* 113 AD3d 512, 513 [2d Dept. 2004]). Upon a motion pursuant to CPLR

---

[3] In *Del Pozo,* the Court affirmed the dismissal of plaintiff's action to cancel the sale of property because the notice of pendency was filed but not indexed against the property. Therefore, notice of pendency was ineffective to provide actual or constructive notice to bona fide purchasers for value from the date it was filed through date error was corrected.

§ 3211, the Court does not determine the credibility of the competing affidavits or whether if the allegations are true, plaintiff would ultimately prevail (*Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC,* 152 AD3d 479). Therefore, Reyes' affidavits disputing a constructive trust are not persuasive (*Phillips v Taco Bell Corp.*, 152 AD3d 807; *Prott v Lewin & Baglio*, 150 AD3d 909). Once plaintiff established a viable cause of action of conversion, the Court must dismiss the cause of action for unjust enrichment as duplicative of conversion, an [intentional] tort claim (*Soviero v Carroll Group Intl., Inc.,* 27 AD3d 276, 276-277 [1st Dept. 2006]; *See generally Holmes v Gary Goldberg & Co., Inc.,* 40 AD3d 1033, 1034 [2d Dept. 2007]).

The quiet title cause of action is also dismissed against Reyes. Accepting plaintiff's allegations that Rave was negotiating with both parties, the failure to file a Notice of Pendency defeats the quiet title cause of action. (*Del Pozo v Impressive Homes, Inc.,* 95 AD3d 1265). Reyes as the owner in fee simple, had the authority to sell the property to 241 B LLC. Plaintiff's only remedy is a cause of action for conversion.

c) **Reyes' motion to dismiss for lack of personal jurisdiction (CPLR § 3211 [a] [8].**

Reyes' motion to dismiss for lack of personal jurisdiction is denied. Reyes' affidavit does deny service of the summons and complaint or set forth the facts that are alleged in her attorney's affirmation. Therefore, the attorney's statements that *"Reyes never received process…She was not personally served personally or by substitute service. Reyes never received…service by any type of mail…Service of process was not provided to any other person authorized to accept service"* are without foundation. Defendant also should have waited to move for a dismissal based on CPLR § 3211 [a] [7] once the affidavit of service was filed. Therefore, the motion is denied.

*528448/2024*
*Page 8 of 10*

[* 8]

The Court has considered the parties remaining contentions and find same to be without merit.

Accordingly, it is hereby

ORDERED that plaintiff's Order to Show Cause for injunction against 241 B LLC and ROY RAVE is granted without opposition and denied as to RAFAELINA I. REYES, BROOKLYN LAND TITLE AGENCY, LLC, AND MICHAEL AROUNIAN, ESQ. (MS 001), and it is further

ORDERED that 241 B LLC and ROY RAVE are restrained and enjoined from transferring, selling, disposing, or encumbering, the real property located at 241 Blake Avenue, Brooklyn, New York 11212, also known as 255 Chester Street, Brooklyn, New York 11212, Block 3435 Lot 1 in the County of Kings and evicting the commercial and residential tenants at the premises (MS 001), and it is further

ORDERED that RAFAELINA I. REYES' motion to dismiss per CPLR § 3211 [a] [1] & [7] the first, second, third, and fifth causes of action is granted and denied as to the fourth cause of action of conversion (MS 002), and it is further

ORDERED that RAFAELINA I. REYES' motion to dismiss this action per CPLR § 3211 [a] [8] for lack of personal jurisdiction is denied (MS 002), and it is further

ORDERED that BROOKLYN LAND TITLE AGENCY, LLC's motion to dismiss per CPLR § 3211 [a] [7] this action in its entirety is granted (MS 003), and it is further

ORDERED that MICHAEL AROUNIAN, ESQ.'s motion to dismiss per CPLR § 3211 [7] this action in its entirety is granted (MS 004).

This constitutes the decision and order of the Court.

ENTER:

Hon. Anne J. Swern, J.S.C.
Dated: 5/19/2025