■ BOARD OF MANAGERS OF ASTOR TERRACE CONDOMINIUM, Respondent-Appellant, v SCHUMAN, LICHTENSTEIN, CLAMAN & EFRON et al., Appellants-Respondents, et al., Defendants.—Order, Supreme Court, New York County (Shirley J. Fingerhood, J.), entered May 13, 1991, which, *inter alia,* denied defendants-appellants' motions to dismiss the complaint for failure to state a cause of action with respect to the causes of action sounding in breach of contract, and granted such motions with respect to the causes of action sounding in negligence, unanimously modified, on the law, to the extent of reinstating the thirteenth, seventeenth, nineteenth and twenty-third causes of

action sounding in negligence, and otherwise affirmed, without costs.

In this action for damages allegedly resulting from defects in the construction and design of a condominium building, the court properly upheld claims for breach of contract against the engineering and design professional defendants, on the ground that the purchasers of the condominium units were the intended third-party beneficiaries of the contracts between such professionals and the sponsor. Documentation including selling documents and the Offering Plan sufficiently show the sponsor's intent to make the unit owners the intended beneficiaries of the design contracts *(see, e.g., Goodman-Marks Associates. v Westbury Post Assocs.,* 70 AD2d 145, 148), such being discernible not only from the facts and circumstances surrounding the contracts but also from their express language as well. The manifestation of intent is " 'sufficient, in a contractual setting, to make reliance by the beneficiary both reasonable and probable' " *(Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44, quoting Restatement [Second] of Contracts § 302, comment *d).* As design and construction failures affect a condominium unit owner's standards of living and ability to sell, "[i]t cannot be heard that these condominium owners plaintiffs were merely an incidental rather than an intended beneficiary of the contracts" *(Monarch Owners Comm. v Abrams,* NYLJ, Feb. 7, 1989, at 21, cols 4, 5).

However, the court erred in dismissing the causes of action sounding in negligence as "recovery may be had for pecuniary loss arising from negligent representations where there is actual privity of contract between the parties or a relationship so close as to approach that of privity" *(Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424). Liability in a relationship approaching privity depends on a showing that the defendants were aware that reports were to be used for a particular purpose, reliance by known parties in furtherance of that purpose, and some conduct by the defendants linking them to those parties and evincing an understanding of their reliance *(Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 551). Plaintiff met these criteria by showing that the design and engineering defendants must have been aware that the substance of their reports would be distributed to and relied upon by prospective purchasers, that such reliance did occur, and that the conduct of such defendants sufficiently linked them to plaintiff and evinced their understanding of the unit purchasers' reliance. Of particular

importance is the fact that the units were marketed as luxury condominiums with an emphasis on the fact that the sponsor had gathered the best engineers and architects to design and construct the building and provide for its amenities. The court thus should not have dismissed the negligence causes of action seeking damages for economic loss. Further, recovery in negligence is available for non-economic losses resulting from allegations of dangerous conditions in the building due to alleged construction defects (see, *Lake Placid Club Attached Lodges v Elizabethtown Bldrs.*, 131 AD2d 159, 162). Thus, the thirteenth, seventeenth, nineteenth and twenty-third causes of action sounding in negligence should be reinstated. Concur—Sullivan, J. P., Rosenberger, Ross, Smith and Rubin, JJ.