■ BOARD OF MANAGERS OF THE ALFRED CONDOMINIUM, Appellant, v CAROL MANAGEMENT, INC., et al., Respondents, et al., Defendants. [624 NYS2d 598] —Order, Supreme Court, New York County (Joan Lobis, J.), entered July 7, 1993, which, inter alia, upon motion of defendants Carol Management and related parties, dismissed so much of the first cause of action as seeks money damages for construction defects, the second cause of action sounding in breach of the implied warranty of fitness in new construction and the eighteenth cause of action sounding in unjust enrichment and money had and received, and upon motion of defendant HRH Construction Corp., dismissed the fourteenth cause of action, for negligence, and the fifteenth cause of action for breach of contract, and upon motion of defendant DeCon Plumbing Co., dismissed the sixteenth cause of action for negligence and the seventeenth cause of action, for breach of contract; and order, same court and Justice, entered March 24, 1994, which granted defendant Jung Brannen Associates' motion for summary judgment, and order, same court and Justice, entered May 10, 1994, which denied plaintiff's motion for reargument and renewal of the

July 7, 1993 order, unanimously modified, on the law, to the extent of reinstating the claims in the first cause of action against CMC Company II for money damages arising out of construction defects, reinstating the second cause of action against CMC Company II, reinstating the fourteenth and fifteenth causes of action against HRH Construction, reinstating the sixteenth and seventeenth causes of action against De-Con and reinstating the fourth and fifth causes of action for negligence and breach of contract against Jung Brannen Associates, and otherwise affirmed, without costs.

This appeal brings up for review three different sets of agreements in connection with the rehabilitation of the building which contains the residential units represented by plaintiff condominium board. The complaint sets forth several theories of contract and tort liability arising out of the alleged failure of the defendant management company, which also was the condominium sponsor, to properly provide for construction of several of the residential units and common elements, in alleged violation of the offering plan and related documents. Contract and tort liability also is asserted against the construction manager, HRH Construction Corp., and the architect, Jung Brannen Associates, each of whom performed under their own contracts with the sponsor, but which, for reasons noted below, contemplated expanding the benefits of those contracts to these third-party tenants/unit owners.

The court's initial order preceded the filing and service of an answer. To the extent that the court below treated the initial motion to dismiss under CPLR 3211 as a motion for summary judgment under CPLR 3212, it erred in not providing appropriate notice to the responding party (CPLR 3211 [c]; see, Rovello v Orofino Realty Co., 40 NY2d 633, 635), and we accordingly treat the motion as one challenging only the sufficiency of the pleadings (see, Four Seasons Hotels v Vinnik, 127 AD2d 310). In any event, the grant of summary judgment was improper on the record as developed so far.

The offering plan as well as the construction manager's contract both included sunset provisions whereby notice of defects had to be made by dates certain in order to invoke the promisor's obligations to cure under the respective agreements. Ordinarily contracting parties are entitled to have rights and limitations for which they bargained enforced. However, the very certainty of the deadlines in this case, to which defendants seek to hold plaintiffs, became illusory with the failure of defendants to satisfy their own contractual

obligations to finalize the reconstruction. To the extent that the IAS Court concluded that plaintiffs, as a matter of law, had failed to provide timely notice of defects, and to the extent that the court dismissed the contract claims based on the failure to cure defects, we reverse and reinstate those claims, there being factual issues whether defendants' own conduct should estop them from asserting the contractual deadlines as defenses to contract liability.

Neither the order on appeal nor the underlying decision specifically dismiss the third cause of action for negligent construction, from which we conclude that the motion to dismiss this claim was denied *sub silentio,* a result with which we concur.

We also reinstate the second cause of action sounding in the implied housing merchant warranty *(Caceci v Di Canio Constr. Corp.,* 72 NY2d 52, 56-57), which is broader than the statutory warranty of General Business Law § 777-a, and a disclaimer of which is void as against public policy *(supra; see also, Glasser v American Homes,* 144 AD2d 890).

Plaintiffs have stated a cause of action for breach of contract against HRH Construction and Jung Brannen Associates. Despite the disclaimer of any obligations to third parties stated in the body of the agreement between the construction manager and the sponsor, the rider to the HRH contract explicitly refers to the unit owners as beneficiary parties to that agreement. We also note that promotional and sales material issued by the sponsor with the apparent consent of HRH highlighted the participation of HRH in the project, so that the purchasers of units became vested of third-party rights to enforce the terms of the construction manager's contract *(Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron,* 183 AD2d 488). With respect to the architect's agreement with the sponsor, no disclaimer of third-party liability was included, and rights under that agreement by its terms extended to the parties as well as their successors and assigns. Plaintiff is a successor to the sponsor under the present circumstances and can pursue claims arising out of design defects. Additionally, as with the construction manager's role, the sponsor had highlighted the participation of this architectural firm in promotional and sales material, with the architect's apparent consent *(supra).*

Although neither the construction manager nor the architectural firm were in contractual privity with plaintiff, the relationship, as alleged, so closely approximated privity that

the causes of action seeking recovery of pecuniary losses for the alleged negligence of both consultants should not have been dismissed *(supra,* at 489). The remaining factual issues to be resolved at trial concern the extent of the purchasers' reliance on the promotional materials as a basis for tort liability. Concur—Wallach, J. P., Rubin, Ross and Tom, JJ.