■ H. MORRIS & PARTNERS, LTD., Respondent-Appellant, v OPTI-RAY, INC., Appellant-Respondent. [736 NYS2d 113] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Orange County

(Greene, J.), entered April 18, 2000, which, upon the denial of the defendant's motion for judgment as a matter of law, made at the close of the evidence, was in favor of the plaintiff and against it in the principal sum of $119,485.05, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from so much of the same judgment as failed to award damages for the period subsequent to December 31, 1995.

Ordered that the judgment is reversed, on the law, with costs to the defendant, the motion is granted, and the complaint is dismissed.

In May 1992 Swade, Inc. (hereinafter Swade), a consulting firm, introduced the president of Opti-Ray, Inc. (hereinafter Opti-Ray), a company manufacturing and selling nonprescription sunglasses, to the president of the licensing division of Revlon. Opti-Ray and Revlon entered into a licensing agreement (hereinafter the licensing agreement) pursuant to which Revlon granted Opti-Ray the exclusive right to use the Revlon trademark on the sunglasses it manufactured and sold.

Opti-Ray agreed to pay Swade a commission of 1.5% of its actual net sales (hereinafter the Swade commission agreement), in acknowledgment of Swade's role in facilitating the licensing agreement. Opti-Ray did, in fact, pay such commissions until February 1994, when Revlon terminated the licensing agreement. Opti-Ray ceased to pay commissions to Swade upon the termination of that agreement.

The plaintiff, H. Morris & Partners, Ltd., claiming to be the successor in interest to Swade, commenced this action against Opti-Ray to recover damages for breach of contract. In its answer, and on three occasions during trial, Opti-Ray raised the defense that the plaintiff was not a party to the commission agreement between Swade and Opti-Ray, and, therefore, had no right to collect any commissions.

Although Herbert Morris, the sole owner of the plaintiff, testified that he had been the owner of Swade and that the plaintiff was merely the same corporation with a new name, he also admitted that Swade was a New Jersey corporation which was dissolved prior to the time that the plaintiff was incorporated in New York. He further admitted that there had been no formal assignment of the rights of Swade to his new corporation, the plaintiff, and that he continued to accept payment of commissions under the name of Swade after the plaintiff was formed.

Under the circumstances of this case, there was no proof that the plaintiff was the successor in interest to Swade with respect to the Swade commission agreement. Thus, it was er-

ror for the Supreme Court to have denied Opti-Ray's motion for judgment as a matter of law, made at the close of the evidence. Viewing the evidence in a light most favorable to the plaintiff, there was "no rational process by which the fact trier could base a finding in favor of the nonmoving party" on this issue (*Szczerbiak v Pilat*, 90 NY2d 553, 556; *see, State Farm Ins. Co. v Amana Refrig.*, 266 AD2d 372, 373).

In light of our determination on this issue of the plaintiff's lack of standing, we do not reach the remaining issues raised on the appeal and cross appeal. Ritter, Acting P.J., Feuerstein, Friedmann and Crane, JJ., concur.