◼ VAC SERVICE CORP., Respondent, v TECHNOLOGY INSURANCE COMPANY, INC., et al., Respondents. TUCKER PARTNERS, LP, Nonparty Appellant. [853 NYS2d 577]—

The allegations in the complaint arise from a dispute over a March 2003 services agreement entered into by the plaintiff and the defendants. Tucker Partners, LP, was not a party to that agreement and has no standing to enforce the terms of the agreement against the defendants (*see DeRaffele v 210-220-230 Owners Corp.*, 33 AD3d 752, 753 [2006]; *Sopasis Constr. v Solomon*, 233 AD2d 385, 386-387 [1996]; *Freidus v Sardelli*, 192 AD2d 578, 580 [1993]). Moreover, the record demonstrated that Tucker Partners, LP, was not a successor-in-interest to the plaintiff's rights under the services agreement (*see H. Morris & Partners v Opti-Ray, Inc.*, 290 AD2d 486, 487-488 [2002]). The documentary evidence further established that the plaintiff had the authority to settle this action with the defendants. Accordingly, the Supreme Court properly marked this action discontinued on the basis of the settlement and the stipulation of discontinuance entered into between the parties.

As Tucker Partners, LP, had no rights or interests to enforce against the defendants, the Supreme Court providently exercised its discretion in denying its cross motion to substitute itself as the named plaintiff in the action (*see* CPLR 1018; *NationsCredit*

*Home Equity Servs. v Anderson*, 16 AD3d 563, 564 [2005]; *Matter of Commercial Bank of Informatics & Computing Technique Dev. Bank Informtechnika v Ostashko*, 274 AD2d 516, 517 [2000]).

The appellant's remaining contentions are without merit. Mastro, J.P., Rivera, Covello and Dickerson, JJ., concur.