17 EAST 96TH OWNERS CORP., Appellant, v MADISON 96TH ASSOCIATES, LLC, Respondent. (And a Third-Party Action.) MADISON 96TH ASSOCIATES, LLC, Second Third-Party Plaintiff, v MARSON CONTRACTING CO., INC., Second Third-Party Defendant-Respondent. (And a Third Third-Party Action.) [875 NYS2d 37]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered October 24, 2007, which, insofar as appealed from, in this action arising out of an alleged trespass upon certain property, denied plaintiff's motion for leave to amend the complaint to add 21 East 96th Street Condominium (Condominium) as a defendant and to assert a trespass cause of action against Condominium and defendant Madison 96th Associates, LLC,

unanimously reversed, on the law, with costs, and the motion granted.

The motion to amend should have been granted as plaintiff satisfied the three prongs of the relation-back doctrine (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]). The allegations set forth in the first amended complaint and the proposed second amended complaint are virtually identical except that the latter pleading also makes reference to a certain land survey that found that the foundation of defendant's new condominium building encroaches over plaintiff's 100-foot long property line by approximately five inches, asserting that such encroachment constitutes unlawful entry onto plaintiff's property. We disagree with the motion court's conclusion that the discovery, after the service of the first amended complaint, that defendant's underground foundation wall encroaches several inches beyond the common boundary line constitutes a new and distinct claim from the trespass claims previously asserted because it is arises out of a different encroachment.

Although the first amended complaint did not expressly refer to the underground foundation wall, it did not limit defendant's purported encroachment to the installation of underpinning but included "other encroaching subsurface structures." Thus, the language in the first amended complaint, which envisioned the possibility of other subsurface structures, was sufficiently broad to encompass the encroachment subsequently discovered through the land survey. The proposed new pleading does not, therefore, assert a new and distinct claim but, instead, is based upon the same conduct, transaction or occurrence as that asserted in the first amended complaint (*see* CPLR 203 [f]).

Furthermore, since the proposed new defendant, Condominium, which now owns the building, is the successor-in-interest to the sponsor, Madison 96th Associates, LLC, and not merely an unrelated party with no notice of the subject litigation, plaintiff should also have been permitted to add Condominium as a defendant. Concur—Andrias, J.P., Saxe, Acosta and Renwick, JJ. [*See* 2007 NY Slip Op 33455(U).]