■ JACINTO PROTT, Respondent, v LEWIN & BAGLIO, LLP, et al., Appellants. [55 NYS3d 98]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Livote, J.), dated February 25, 2016,

which denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging breach of contract and negligence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action against the defendants, inter alia, to recover damages for legal malpractice. The plaintiff alleged that, although he retained the defendants to prosecute an action on his behalf, the defendants failed to commence the action before the expiration of the applicable statute of limitations in December 2012. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint, and the Supreme Court denied the motion.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mawere v Landau*, 130 AD3d 986, 987 [2015] [internal quotation marks omitted]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The evidence submitted in support of such motion must be " 'documentary' " or the motion must be denied (*Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010], quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 22; *see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012]). In order for evidence submitted in support of a CPLR 3211 (a) (1) motion to qualify as documentary evidence, it must be "unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010] [internal quotation marks omitted]). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (*Fontanetta v John Doe 1*, 73 AD3d at 84-85 [internal quotation marks omitted]). "Conversely, letters, emails, and affidavits fail to meet the requirements for documentary evidence" (*25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d 850, 851 [2015]; *see Attias v Costiera*, 120 AD3d 1281, 1283 [2014]; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714; *Granada Condominium III Assn. v*

*Palomino*, 78 AD3d at 997; *Fontanetta v John Doe 1*, 73 AD3d at 86).

Here, the evidence submitted by the defendants, which included a letter dated September 28, 2012, purporting to terminate the attorney-client relationship between the plaintiff and the defendants, did not constitute documentary evidence within the meaning of CPLR 3211 (a) (1) and, in any event, failed to utterly refute the plaintiff's factual allegations, thereby failing to conclusively establish a defense as a matter of law (*see Mawere v Landau*, 130 AD3d at 990; *Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d 790, 792 [2015]; *25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d at 851; *Louzoun v Kroll Moss & Kroll, LLP*, 113 AD3d 600, 601-602 [2014]). Therefore, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the legal malpractice cause of action.

Furthermore, since the defendants' evidence failed to establish that a material fact as claimed by the plaintiff, namely, the existence of an attorney-client relationship at the time of the alleged malpractice, was "not a fact at all" and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]), the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the legal malpractice cause of action (*see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d at 793).

However, the causes of action alleging breach of contract and negligence are duplicative of the legal malpractice cause of action, since they arise from the same facts as those underlying the legal malpractice cause of action, and do not allege distinct damages (*see Lewis, Brisbois, Bisgaard & Smith, LLP v Law Firm of Howard Mann*, 141 AD3d 574, 576 [2016]; *Smith v Kaplan Belsky Ross Bartell, LLP*, 126 AD3d 877, 879 [2015]; *Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813-814 [2013]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging breach of contract and negligence. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.