■ BOARD OF MANAGERS OF 100 CONGRESS CONDOMINIUM, Respondent, v SDS CONGRESS, LLC, et al., Defendants, and KLINE ENGINEERING, P.C., Appellant. [59 NYS3d 381]—

In an action, inter alia, to recover damages for breach of contract and professional malpractice, the defendant Kline Engineering, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 29, 2014, as denied those branches of its motion which were pursuant to CPLR 3211 (a) to dismiss the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting

the provision thereof denying that branch of the motion of the defendant Kline Engineering, P.C., which was pursuant to CPLR 3211 (a) to dismiss the eighth cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, suing on behalf of the unit owners of a condominium building in Brooklyn, commenced this action against the defendants, alleging that they negligently built and inspected the building. The defendant Kline Engineering, P.C. (hereinafter KEPC), was retained by the defendant Second Development Services, Inc. (hereinafter SDS), which was alleged to be an agent of the sponsor (i.e., the developer), to perform inspections of the building throughout its construction. KEPC asserted that its agreement with SDS was verbal. The plaintiff asserted two causes of action against KEPC. The sixth cause of action alleged breach of contract on the theory that the plaintiff is a successor-in-interest or a third-party beneficiary of KEPC's verbal agreement with SDS. The eighth cause of action alleged professional malpractice. KEPC moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint and all cross claims insofar as asserted against it, arguing that the causes of action alleging breach of contract and professional malpractice were barred by documentary evidence (see CPLR 3211 [a] [1]) and failed to state a cause of action (see CPLR 3211 [a] [7]). The Supreme Court denied those branches of KEPC's motion.

A motion to dismiss a complaint based upon documentary evidence under CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Nunez v Mohamed, 104 AD3d 921, 922 [2013]). To qualify as documentary evidence for the purpose of a motion to dismiss, the evidence must be unambiguous and of undisputed authenticity (see Pasquaretto v Long Is. Univ., 106 AD3d 794, 795 [2013]). Affidavits, deposition testimony, and letters are not considered documentary evidence within the intendment of CPLR 3211 (a) (1) (see Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997 [2010]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleadings are liberally construed so as to afford a plaintiff every possible favorable inference on the basis of the facts alleged (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Matter of Grecco v Cimino, 100 AD3d 892, 897 [2012]). The court must determine only whether the

facts as alleged fit within any cognizable legal theory (*see Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc.*, 139 AD3d 665, 666 [2016]). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Matter of Kunik v New York City Dept. of Educ.*, 142 AD3d 616, 618 [2016]).

A nonparty to a contract may maintain a cause of action alleging breach of contract only if it is an intended, and not a mere incidental, beneficiary of the contract (*see East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co.*, 39 AD3d 461, 463 [2007]). However, "the identity of a third-party beneficiary need not be set forth in the contract or, for that matter, even be known as of the time of its execution" (*Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d 881, 883 [2013] [internal quotation marks omitted]). A party asserting rights as a third-party beneficiary must allege: (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for its benefit, and (3) that the benefit to it is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate it if the benefit is lost (*see Nanomedicon, LLC v Research Found. of State Univ. of N.Y.*, 112 AD3d 594, 596 [2013]). "In determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement" (*Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d at 882 [internal quotation marks omitted]).

Here, taking the allegations in the complaint as true and affording the plaintiff every favorable inference, the plaintiff sufficiently pleaded a cause of action against KEPC to recover damages for breach of contract on a third-party beneficiary theory (*see Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron*, 183 AD2d 488 [1992]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 455 [1988]). Moreover, KEPC failed to come forward with competent documentary evidence that refuted, as a matter of law, the plaintiff's allegation that it was a third-party beneficiary of its contract with SDS (*see Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d at 883; *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997).

Condominium unit owners may also be considered successors-in-interest to the condominium sponsor's construction contracts under certain circumstances (*see Board of Mgrs. of Alfred Condominium v Carol Mgt.*, 214 AD2d 380, 382 [1995]; *see also 17 E. 96th Owners Corp. v Madison 96th Assoc., LLC*, 60 AD3d 480, 481 [2009]). Whether a party is a successor-in-interest to the performance of a particular contract is generally a question of fact that depends on the circumstances of the case (*see Armonk Snack Mart, Inc. v Robert Porpora Realty Corp.*, 138 AD3d 1045, 1046 [2016]; *VAC Serv. Corp. v Technology Ins. Co., Inc.*, 49 AD3d 524, 525 [2008]; *H. Morris & Partners v Opti-Ray, Inc.*, 290 AD2d 486, 487 [2002]).

Taking the allegations in the complaint as true, and affording the plaintiff every favorable inference, the plaintiff sufficiently pleaded a cause of action alleging breach of contract against KEPC based on the theory that it is a successor-in-interest to KEPC's contract with SDS (*see Board of Mgrs. of Alfred Condominium v Carol Mgt.*, 214 AD2d at 382; *see also 17 E. 96th Owners Corp. v Madison 96th Assoc., LLC*, 60 AD3d at 481). Moreover, KPEC did not put forth any documentary evidence that would refute the plaintiff's allegations as a matter of law (*see Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d at 883; *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997). Accordingly, the Supreme Court properly denied that branch of KEPC's motion which was to dismiss the sixth cause of action insofar as asserted against it.

The Supreme Court, however, should have granted that branch of KEPC's motion which was pursuant to CPLR 3211 (a) to dismiss the eighth cause of action, alleging professional malpractice, insofar as asserted against it. The plaintiff alleged in the eighth cause of action, in effect, that KEPC negligently performed the services it was retained to complete. "[M]erely alleging that a party breached a contract because it failed to act with due care will not transform a strict breach of contract claim into a negligence claim" (*Verizon N.Y., Inc. v Optical Communications Group, Inc.*, 91 AD3d 176, 180 [2011]; *see Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d at 883). Here, the plaintiff's allegations of negligence are merely a restatement of the contractual obligations asserted and seek the identical economic damages as in the sixth cause of action alleging breach of contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]; *Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc.*, 129 AD3d 676, 679 [2015]; *Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d at 883; *Park Edge Con-*

*dominiums, LLC v Midwood Lbr. & Millwork, Inc.*, 109 AD3d 890, 891 [2013]).

KEPC's remaining contentions are without merit. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.