Residential Bd. of Millennium Point v Condominium Bd. of Millennium Point (2021 NY Slip Op 04649)





Residential Bd. of Millennium Point v Condominium Bd. of Millennium Point


2021 NY Slip Op 04649


Decided on August 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 05, 2021

Before: Kern, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 651238/18 Appeal No. 13985 Case No. 2018-4312 

[*1]Residential Board of Millennium Point et al., Plaintiffs-Respondents-Appellants,
v
Condominium Board of Millennium Point et al., Defendants-Appellants-Respondents, Westbrook Partners, Inc., et al., Defendants, Hugh L. Carey Battery Park City Authority, Nominal Defendant.


Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for appellants-respondents.
Hiller, PC, New York (Michael S. Hiller of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 23, 2018, which, insofar as appealed from, granted defendants' motion to dismiss the seventh, ninth, eleventh, and thirteenth causes of action and the requests for punitive damages and denied their motion to dismiss the first, third, and fifth causes of action and part of the twelfth cause of action, unanimously modified, on the law, to deny the motion as to the seventh cause of action as against Commercial Board of Millennium Point and the ninth cause of action as against Leading Hotels of the World, Ltd. (LHW) and Highgate Hotels, L.P, and otherwise affirmed, without costs.
This action concerns a mixed-use luxury condominium in lower Manhattan. Beginning in November 1999 the condominium's sponsor, nonparty Millennium BPC Development LLC (Sponsor), offered for sale residential units at the condominium called "The Residences of the Ritz-Carlton Downtown New York." The offering plan provided for a luxury hotel on floors 1-14 and residential apartments on floors 15-39. The residential unit owners were promised certain concierge amenities to be provided by the hotel, such as room service, laundry and dry cleaning service, and access to the hotel's health club. The offering plan provides that the hotel would be operated by the Ritz Carlton Hotel Company. The ground lease between nominal defendant Hugh L. Carey Battery Park City Authority (BPCA) as landlord and the Sponsor as tenant provided that any hotel at the premises would necessarily be one with the "highest rating by a nationally recognized rating service."
Three boards of managers manage the condominium: plaintiff Residential Board of Millennium Point (Residential Board) handles matters affecting solely the residential units, defendant-appellant Commercial Board of Millennium Point (Commercial Board) handles matters affecting solely the commercial unit, and defendant-appellant Condominium Board of Millennium Point (Condo Board) handles matters that concern both the residential and commercial units.
Plaintiffs Residential Board and individual residential condominium unit owners allege in the complaint that the promised hotel services declined after the Ritz-Carlton ceased operating the hotel. Plaintiffs allege that the new owner of the hotel, defendants Westbrook Partners Inc., and Westbrook Partners L.L.C. and/or their affiliates (Westbrook) first attempted to convert the hotel to residential units, and, when that conversion was thwarted by BPCA, opened a hotel that did not comply with the standards set by the ground lease and condominium documents. The complaint contains 15 causes of action against an array of entities allegedly tied to changes at the commercial unit.
Defendants moved to dismiss the complaint. Supreme Court denied the motion with respect to the first cause of action which alleges breach of the condominium declaration and bylaws, the third cause of action which alleges breach of the ground [*2]lease, and the fifth cause of action which alleges violations of Real Property Law § 339-j. The court also sustained the twelfth cause of action in part, to the extent of granting plaintiffs access to the condominium's books and records. The court dismissed the remaining causes of action.
Defendants-appellants contend that the portions of the complaint that the motion court did not dismiss should be dismissed with prejudice because plaintiffs are not intended third-party beneficiaries of the ground lease. We note first that, even if plaintiffs were not intended third-party beneficiaries of the ground lease, the complaint would not correctly be dismissed in its entirety. Of the surviving causes of action, only the third alleges breach of the ground lease. The first alleges breach of the condominium declaration and bylaws; the fifth alleges violation of Real Property Law § 339-j, which deals with failure to comply with a condominium's by-laws; and the surviving portion of the twelfth cause of action is a request for access to books and records, which is a right belonging to condominium residents.
In any event, plaintiffs are intended third-party beneficiaries of the ground lease. The circumstances indicate that the original parties to the ground lease, BPCA and the Sponsor, intended to give plaintiffs the benefit of Millennium BPC's promise that the commercial unit of the condominium would be operated only as a hotel with the highest rating by a nationally recognized hotel rating service under a nationally recognized brand, flag, or franchise that was equal to or better than the standards set forth in the Hotel Operator Management Agreement between Millennium BPC and nonparty Ritz-Carlton Hotel Company, L.L.C. (see generally Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 44 [1985]). Inasmuch as the availability of the services provided by a first-class hotel to the residential unit owners "affect[s] a condominium unit owner's standards of living and ability to sell," the unit owners are intended rather than incidental beneficiaries (Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron, 183 AD2d 488, 489 [1st Dept 1992]).
Defendants-appellants contend that the Hotel Unit Lease and Hotel Unit Sublease evince an intent to prevent the residential unit owners from interfering in any way with the commercial operation of the hotel unit. Plaintiffs contend that this argument is unpreserved and moved to strike defendants-appellants' opening brief on that ground. A panel of this Court denied the motion to strike, and therefore defendants-appellants may make this argument. Nonetheless, the argument is unavailing. The language of the Hotel Unit Lease and Hotel Unit Sublease shows that the purpose of these documents was to implement the waiver of landlord BPCA's right to terminate the residential unit owners' tenancy if the hotel unit caused a default of the ground lease.
The motion court dismissed the seventh [*3]and ninth causes of action for tortious interference on two grounds: the existence of an estoppel certificate and the fact that plaintiffs were not a party to the contracts that were allegedly breached. Defendants-appellants concede that the second ground was erroneous.
As for the first ground, the court said that the estoppel certificate — which was issued by BPCA to defendant-appellant MPE Hotel I (Downtown New York) LLC (MPE Hotel), the Sponsor's successor-in-interest to the Hotel Unit Lease and Hotel Unit Sublease — conclusively established that defendants-appellants did not intentionally procure a breach. However, the seventh cause of action is asserted against Westbrook and the Commercial Board, and the ninth cause of action is asserted against defendants Leading Hotels of the World, Ltd. (LHW) and Highgate Hotels, L.P (Highgate).
Moreover, the estoppel certificate merely certified that, as of November 28, 2017, MPE Hotel was — to the best of BPCA's knowledge — not in default of the ground lease, the Hotel Unit Lease, or the Hotel Unit Sublease. It is irrelevant as to whether Westbrook, the Commercial Board, LHW, and/or Highgate intentionally procured a breach of the ground lease, condominium declaration, and bylaws on March 29, 2018.
Defendants-appellants argue for the first time on appeal that Westbrook and the Commercial Board were not strangers to the contracts interfered with (see Ashby v ALM Media, LLC, 110 AD3d 459 [1st Dept 2013], lv denied 22 NY3d 860 [2014]). As this is not a purely legal issue apparent on the face of the record, it may not be raised for the first time on appeal (see Vista Eng'g Corp. v Everest Indem. Ins. Co., 161 AD3d 596, 598-599 [1st Dept 2018]; Botfeld v Wong, 104 AD3d 433, 434 [1st Dept 2013]). The record does not reflect whether Westbrook is the parent of MPE Hotel and defendant-appellant MPE Hotel I Tenant (Downtown New York) LLC (MPE Tenant) (cf. Koret, Inc. v Christian Dior, S.A., 161 AD2d 156, 157 [1st Dept 1990] [decision after trial], lv denied 76 NY2d 714 [1990]). Similarly, the issue of whether one entity is another's alter ego (cf. New Media Holding Co. L.L.C. v Kagalovsky, 118 AD3d 68, 80 [1st Dept 2014] [decision after trial]) is usually fact-intensive (see First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294 [1st Dept 1999]).
Nevertheless, the seventh cause of action should be dismissed as against Westbrook due to the economic interest defense (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]; Rather v CBS Corp., 68 AD3d 49, 60 [1st Dept 2009], lv denied 13 NY3d 715 [2010]). The complaint alleges that Westbrook is acting in its financial self-interest, but it fails to allege malice or "fraudulent or illegal means" (Foster v Churchill, 87 NY2d 744, 750 [1996]). However, there is no allegation that the Commercial Board has a legal or financial stake in MPE Hotel, MPE Tenant, or defendant-appellant Condo Board so the seventh cause of action stands with respect [*4]to the Commercial Board. Similarly, there is no allegation that LHW and Highgate have a legal or financial stake in the Condo Board or the Commercial Board. Therefore, the ninth cause of action should be reinstated.
The eleventh cause of action for breach of fiduciary duty against Diego Rico, Jane Davison, and Amy Press (the Individual Defendants-Appellants) is duplicative of the contract claims against the Condo Board for breach of the Declaration, Bylaws, and ground lease because plaintiffs failed to allege wrongdoing by the Individual Defendants-Appellants "separate and apart from their collective actions taken on behalf of the condominium" (20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 735-736 [1st Dept 2013]; see also Graham v 420 E. 72nd Tenants Corp., 168 AD3d 568 [1st Dept 2019]; Hersh v One Fifth Ave. Apt. Corp., 163 AD3d 500, 500 [1st Dept 2018]).
Because plaintiffs failed to state a cause of action for breach of fiduciary duty, the motion court correctly dismissed the thirteenth cause of action for aiding and abetting breach of fiduciary duty.
Finally, the motion court properly dismissed the request for punitive damages in the seventh cause of action (tortious interference with contract), because plaintiffs do not allege a pattern of conduct directed to the general public (see Macy's Inc. v Martha Stewart Living Omnimedia, Inc., 127 AD3d 48, 57 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 5, 2021