## Occidental Fire & Cas. Co. of N. Carolina v RJ 4th Ave LLC

2025 NY Slip Op 31690(U)

May 8, 2025

Supreme Court, Kings County

Docket Number: Index No. 528723/2024

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 8th day of May 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

OCCIDENTAL FIRE AND CASUALTY COMPANY OF
NORTH CAROLINA a/s/o MOHAMED ALTHAIBANI,

Plaintiffs,

-against-

RJ 4TH AVE LLC, REKN, LLC, FRANK J. RIO,
METROPOLITAN REALTY EXEMPTIONS, INC.,
MARTIN JOSEPH, REAL LAND GROUP LLC, MOSHE
ROSENBERG, XOLLE DEMO LLC, F AND M 82
CORPORATION, CAPITAL CONCRETE NY INC.,
CAPITAL CONCRETE NY2 INC., CAPITAL EQUIPMENT
NY LLC, CAPITAL NY MAINTENANCE INC., CAPITAL
DRILLING NY INC., ON STAR MANAGEMENT LLC,
GEM M. BRUTUS, MAXIENNE K. BRUTUS, HOUSING
LINE INC., and GERTLER & WENTE ARCHITECTS, LLP,

Defendants.

**DECISION & ORDER**

Index No.:     528723/2024

Calendar No.: 33

Motion Seq.:   1

Return Date: 3/13/2025

*Recitation of the following papers as required by CPLR 2219(a):*

Papers
Numbered

Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 15-23)..........................................1, 2

Affirmation, Affidavit and Exhibits in Opposition (NYSCEF 50-59)..................3

Reply Affirmation and Exhibits (NYSCEF 60-62)......................................4

*Upon the foregoing papers and after oral argument, the decision and order of the Court*

*is as follows:*

**Introduction**

Plaintiffs commenced this subrogation action for property damage allegedly sustained by

plaintiff, Mohamed Althaibani, the subrogee of Occidental Fire and Casualty Company of North

Carolina (Occidental) and owner of 358 Dean Street, Brooklyn, New York (the "insured premises"). It is alleged that the insured property sustained damage as the result of demolition and construction on the adjoining properties located at 354/356 Dean Street and 360 Dean Street/52 4th Avenue (collectively the "project site").

**Arguments of Counsel**

Defendant, Metropolitan Realty Exemptions, Inc. (Metropolitan), has now moved this Court for an order pursuant to CPLR § 3211 [a] [1] and [7] dismissing this action. In support of the motion, Metropolitan submits the affidavit of Martin Joseph, together with the deeds for the project site. Mr. Joseph states that as reflected in the deeds for the project site, Metropolitan has no ownership interest in any of the properties that are the subject of this action (NYSCEF 18-20). Further, Metropolitan did not contract in any way for the demolition and construction work performed at the project. Metropolitan is an entity that assists real estate owners to obtain tax abatements.[1] Therefore, the documentary evidence demonstrates that Metropolitan has no nexus to the project site, or the demolition and construction performed thereat.

In opposition, plaintiffs submit the affidavit of Najla Althaibani, the subrogee's son who states that he communicated with Martin Joseph concerning the issues at the project site. An email in response one sent by Najla was signed as follows:

Martin Joseph/CEO
Metropolitan Realty Exemptions, Inc.
Office: 349 Keep Street, Brooklyn, New York 11211
Mailing: 118 Middleton Street, Brooklyn, NY 11206[2]

Plaintiffs also submit an internet news article that states, *"Excavation work is set to begin at 52 Fourth Avenue, the site of a nine-story residential building in Boerum Hill, Brooklyn.*

---

[1] NYSCEF 17
[2] NYSCEF 54, p.2)

[* 2]

*Designed by Gertler & Wente Architects and New York developed by Metropolitan Realty Exemptions under the RJ 4th Avenue LLC, the 55,000-square-foot structure will yield a 52 rental apartments averaging 775 square feet apiece...*"[3]

## Facts

Najla Althaibani has a power of attorney to act on his father's behalf.[4] The subrogee signed a written agreement with defendant REKN, LLC (REKN) through its managing member, Frank J. Rio.[5] This agreement provided REKN with access to the subrogee's property for the demolition and construction work to be conducted on the adjoining project site. Najla states that Mr. Rio advised him that Martin Joseph was his partner during the project. Therefore, Najla communicated with Mr. Joseph concerning the issues at the project site and the insured premises.[6]

## Law & Analysis

### a) CPLR § 3211 [a] [1]

"A motion pursuant to CPLR § 3211 [a] [1] to dismiss the complaint on the ground that the action is barred by documentary evidence may be [appropriately] granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense, as a matter of law" (*Karpovich v City of New York*, 162 AD3d 996, 997 [2d Dept 2018] *citing Mawere v Landau*, 130 AD3d 986, 987 [2d Dept 2015]; *see also Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007] [The construction of an unambiguous contract is a matter of law.] and *Goshen v Mutual Life Insurance Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "To constitute 'documentary' evidence, the evidence must be unambiguous, authentic, and

---

[3] NYSCEF 58
[4] NYSCEF 52
[5] Affirmation (NYSCEF 50) and Access Agreement (NYSCEF 53)
[6] NYSCEF

undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and other papers, the contents of which are essentially undeniable" (*Karpovich v City of New York*, 162 AD3d at 997-998; *see Prott v Lewin & Baglio*, 150 AD3d 908, 909 [2d Dept 2017]). Affidavits submitted in support of such motion do not qualify as documentary evidence because their "contents can be controverted by other evidence, such as another affidavit" (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2d Dept 2017]; *Prott v Lewin & Baglio*, 150 AD3d at 909). However, emails can be documentary evidence that when considered as part of the totality of the documentary evidence, support a favorable inference in a plaintiff's favor and a denial of defendant's motion to dismiss (*see Kolchins v Evolution Markets, Inc.*, 31 NY3d 100, 105 [2018]).

Here, under the totality of the evidence, the emails and YIMBY online [news] articles submitted by plaintiff do not establish that Metropolitan had a nexus to the demolition and construction at the project site adjoining the insured premises, or the access agreement between the subrogee and REKN. A review of the email chain starting on 4/13/2022 demonstrates that it is ambiguous as it is chronologically out of order and lacks identifying email addresses and headers as follows (NYSCEF 54, pp.6-10):[7]

- i.   9:09 AM from Najla to Frank Rio.[8]
- ii.  10:01 AM from Najla to Frank Rio.
- iii. 1:10 PM from Najla sends a blank email to an unidentified recipient.[9]
- iv.  10:14 AM from Moshe Rosenberg to unknown recipients that reads, *inter alia*, "looping in Mayer."
- v.   3:09 PM from Najla addressing "Raja" in the body of the email. However, the recipients' identities and email addresses are unknown.
- vi.  2:18 PM Mayer responds to unknown recipients.

---

[7] The email chain/timeline starts on 4/13/2025 on page 10 and continues through 4/27/2022 on page 1.
[8] Although the email lacks a "header line" identifying the email address of the recipient, the body of the email establishes that Najla was addressing Frank Rio.
[9] This email appears in between the 10:01 AM and 10:14 AM emails.

[* 4]

vii.   2:40 PM and 2:49 PM Najla sends two additional emails.

On 4/25/2022, Mr. Joseph's email address (martin@mretax.com) appears for the first time in an email time stamped 11:35 AM from Najla to multiple recipients stating that, "The ibills [sic] must be paid today please." The email response from "Tilly Blum" asks, "Frank, Are you paying this?"[10] Then, Najla emails an unknown recipient on 4/26/22 at 1:57 PM stating that Martin Joseph called him. Najla also questions the unknown recipient concerning Frank's authority.[11] However, an email from Martin Joseph to "Frank and Chris" (but not Najla), appears chronologically out of order at 11:22 AM. The top of the email chain has redactions or "blackened boxes" indicating that the document was redacted without explanation in Najla's affidavit.[12]

Based on the foregoing gaps and inconsistencies, this email chain does not refute Metropolitan's unambiguous, authentic, and undeniable documentary evidence in the deeds to defeat the motion to dismiss pursuant to CPLR § 3211 [a] [1] (*Compare, see Kolchins v Evolution Markets, Inc.*, 31 NY3d 105). Although plaintiff has established that Martin Joseph may be Frank Rio's partner in REKN, there is no evidence in the record to support that Metropolitan had any nexus to the Access Agreement or the project site. Likewise, the "YIMBY" website [news] articles do not refute the documentary evidence since they do not state the source of the information (*id.*).

b)  **CPLR § 3211 [a] [7]**

Plaintiffs may submit affidavits in opposition to a motion to dismiss pursuant to CPLR § 3211 [a] [7] but it does not obligate them to do so to avoid a dismissal (*See Rovello v Orofino*

---

[10] NYSCEF 54, p.4
[11] *Id.* at pp.2-6
[12] *Id.* at pp.1-2

*Realty Co.,* 40 NY2d 633, 635 [1976]). Therefore, plaintiff may stand on the pleadings alone, "confident that its allegations are sufficient to state all of the necessary elements of a cognizable cause of action" to survive a motion to dismiss under CPLR § 3211 [a] [7] (*id.*). When determining a motion to dismiss pursuant to CPLR § 3211 [a] [7], the Court must accept the factual allegations in the complaint as true and "accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit into any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 88 [1994]).

However, if the Court considers evidentiary material outside the pleadings and the motion is not converted to one for summary judgment, "the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, [a] dismissal should not [be granted]" (*Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC,* 152 AD3d 478, 480 [2d Dept. 2017]).

Metropolitan has demonstrated that the material facts of ownership and nexus to the demolition and construction at the project site adjacent to the insured premises as alleged in the complaint are not facts at all. Futher, the documentary evidence submitted by plaintiff outside the complaint establishes that no significant dispute exists establishing that Metropolitan had any nexus to the demolition and construction at the project site. (*Id.*).

The Court has considered plaintiff's remaining arguments and finds them to be without merit.

Accordingly, it is hereby

ORDERED that defendant METROPOLITAN REALTY EXEMPTIONS, INC.'s motion for order pursuant to CPLR § 3211 [a] [1] and [7] dismissing this action against it is granted, and it is further

ORDERED that defendant METROPOLITAN REALTY EXEMPTIONS, INC. shall serve a copy of this Order with Notice of Entry on all parties within 30 days of its entry in NYSCEF, and it is further

ORDERED that defendant shall settle a judgment on notice to all parties within 30 days of service of this Order with Notice Entry.

This constitutes the decision and order of the Court.

ENTER:

**Hon. Anne J. Swern, J.S.C.**
**Dated: 5/8/2025**

For Clerks use only:

MG _____

MD _____

Motion seq. # _____