## Elixir Capital, LLC v Krayola Kid'z Childcare LLC

2025 NY Slip Op 31891(U)

May 20, 2025

Supreme Court, Kings County

Docket Number: Index No. 534083/2024

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 20th day of May 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

ELIXIR CAPITAL, LLC,

                                        *Plaintiff(s),*

           -against-

KRAYOLA KID'Z CHILDCARE LLC d/b/a KRAYOLA
KID'Z CHILDCARE, and EBONY NIKKAA BRUNSON,

37-38                                   *Defendant(s).*

**DECISION & ORDER**
Index No.:      534083/2024

Calendar No.:  15 & 54

Motion Seq.:   001 & 002

*Recitation of the following papers as required by CPLR 2219(a):*

|  | Papers Numbered |
|---|---|
| Notice of Motion, Affirmation, Affidavits and Exhibits (NYSCEF 23-31) | 1, 2 |
| Affirmation and Exhibits in Opposition (NYSCEF 34) | 3 |
| Memorandum of Law in Reply (NYSCEF 39) | 4 |
| Notice of Cross-Motion, Affirmation, Affidavits and Exhibits (NYSCEF 33-37) | 5, 6 |
| Affirmation, Memorandum of Law in Opposition (NYSCEF 38-39) | 7 |

*Upon the foregoing papers and after oral argument, the decision and order of the Court is as follows:*

**Facts**

This is an action to recover damages arising from defendants' alleged breach of a Merchant Agreement for the purchase of defendants' future receivables. The purchase price was $35,000.00 less an origination fee $2,500.00. (NYSCEF 27, p.3). The payments under the agreement were to be electronically debited from a designated account until the purchase price was fully paid (NYSCEF 24, ¶7). It is alleged that defendant only remitted $1,834.50 of the sale

proceeds as of 11/21/24 when defendant denied plaintiff any further access to the account to debit the payments (*id.* ¶10). Plaintiff has now moved for summary judgment.

Defendant has served a cross-motion to dismiss complaint alleging, *inter alia,* that the merchant agreement is actually a loan charging usurious interest and therefore void *ab initio.* In opposition to plaintiff's motion for summary judgment, defendant alleges that plaintiff breached the agreement by debiting the account for an amount in excess of the 15.17% interest rate (NYSCEF 37, ¶¶15-16). It is also alleged that plaintiff did offer defendant a reconciliation pursuant to the terms of the Merchant Agreement (*id.* ¶24).

## Law and Analysis

### a) Summary Judgment – CPLR § 3212

Summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital,* 68 NY2d 320, [1986]). "A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. However, a failure to demonstrate a *prima facie* entitlement to summary judgment motion, requires a denial of the motion regardless of the adequacy of the opposing papers" (*Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital,* 68 NY2d 324). "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank,* 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital,* 68 NY2d 324).

The Court's only role upon a motion for summary judgment is to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.,* 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang*

*Fu He v Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations omitted]). The Court must view the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]).

**b) <u>Motion to Dismiss on Documentary Evidence - CPLR § 3211 [a] [1]</u>**

"A motion pursuant to CPLR § 3211 [a] [1] to dismiss the complaint on the ground that the action is barred by documentary evidence may be [appropriately] granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense, as a matter of law" (*Karpovich v City of New York*, 162 AD3d 996, 997 [2d Dept 2018] *citing Mawere v Landau*, 130 AD3d 986, 987 [2d Dept 2015]; *see also Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007] and *Goshen v Mutual Life Insurance Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "To constitute 'documentary' evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and other papers, the contents of which are essentially undeniable" (*Karpovich v City of New York*, 162 AD3d at 997-998; *see Prott v Lewin & Baglio*, 150 AD3d 908, 909 [2d Dept 2017]). Affidavits submitted in support of such motion do not qualify as documentary evidence because their "contents can be controverted by other evidence, such as another affidavit" (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2d Dept 2017]; *Prott v Lewin & Baglio*, 150 AD3d 909).

[*3]

Plaintiffs may submit affidavits in opposition to a motion to dismiss pursuant to CPLR § 3211 [a] [7] but the statute does not obligate them to do so to avoid a dismissal (*See Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Therefore, plaintiff may stand on the pleadings alone, "confident that its allegations are sufficient to state all of the necessary elements of a cognizable cause of action" to survive a motion to dismiss under CPLR § 3211 [a] [7] (*id.*).

**c)** <u>Motion to Dismiss, Failure to State a Cause of Action - CPLR § 3211 [a] [1]</u>

When determining a CPLR § 3211 [a] [7] motion, the Court must accept the factual allegations in the complaint as true and "accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit into any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). However, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to such consideration...nor are legal conclusions or factual claims which are inherently incredible" (*Strunk v NY State Bd. of Elections*, 126 AD3d 777, 778 [2d Dept. 2015]).

When the parties submit evidentiary material outside the pleadings for the Court's consideration and the motion is not converted to one for summary judgment, "the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, [a] dismissal should not [be granted]" (*Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC*, 152 AD3d 478, 480 [2d Dept. 2017]).

**d)** <u>The Defense of Usury</u>

"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be"

and "unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 664, 665-666 [2d Dept 2020] [internal citations omitted]). A loan is usurious and unenforceable if the interest rate exceeds 25% per annum (CPL § 190.40 and GOL § 5-521 [c]). The Court weights three factors when determining whether the obligation of repayment is absolute or contingent, *i.e.*, "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*id.*).

## Analysis

Plaintiff's motion for summary judgment and defendant's motion to dismiss pursuant to CPLR § 3211 [a] [1] and [7] are denied.

Under the terms of the Merchant Agreement (NYSCEF 27), repayment of the purchase price is conditional not absolute. The agreement (1) contains a reconciliation provision (*id.* ¶5) and (2) is for an indefinite term. The purchase price is subject to forgiveness due to unforeseen circumstances outside of defendants/sellers' control and dischargeable in bankruptcy, absent fraud or the lack of good faith by defendants/sellers. (*id.* ¶6) Therefore, the Merchant Agreement is not a usurious loan as alleged by defendant and void *ab initio* (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 665-666).

Defendants/sellers' reliance on *People by James v Yellowstone Capital LLC*, Index #450750/2024 is without merit. While some Merchant Agreements may be challenged by the New York State Attorney General, the Appellate Divisions have held that such agreements are not usurious and may be enforced (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 665-666 and *Champion Auto Sales, LLC v Pearl Beta Funding, LLC*, 159 AD3d 507, 507 [1st Dept 2018]). Therefore, until such time as the New York State Legislature enacts legislation

prohibiting such agreements, the defense of usury is without merit under these facts. Therefore, defendant's motion for an order pursuant to CPLR §3211 [a] [1] and [7] must be denied.

The essential elements to recover damages for breach of contract are the existence of a contract, plaintiff's performance, defendant's breach of its contractual obligations, and damages (*see Cruz v Cruz, supra*). Here, plaintiff has failed to establish all the elements of a breach of contract claim (*Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023]) and a *prima facie* entitlement to summary judgment through admissible evidence (*Alvarez v Prospect Hospital*, 68 NY2d 324 and *Giuffrida v Citibank*, 100 NY2d 81). Plaintiff did not submit certified bank records from Bank United to establish proof of funding via a wire transfer or a canceled bank check (CPLR § 4518). Therefore, plaintiff did not establish through admissible evidence that it performed its contractual obligation by tending the agreed upon purchase price. The print-out from what appears to be the bank's website is inadmissible hearsay (NYSCEF 28). Likewise, the print-out of the debit history from an unknown bank submitted as evidence of defendant's breach constitutes inadmissible hearsay (NYSCEF 29).

Based on the foregoing, it is unnecessary to address the sufficiency of defendants/sellers' opposition papers (*Ayotte v Gervasio*, 81 NY2d 1063). Although the burden never shifted, the Court notes that defendant's affidavit demonstrated the existence of questions of fact concerning whether plaintiff breached the terms of the agreement. Therefore, the Court cannot resolve questions of credibility on the papers (*Xiang Fu He v Troon Management, Inc.*, 34 NY3d 175 and *Cameron v City of Long Beach*, 297 AD2d 774).

The Court has considered the parties remaining contentions and finds same to be without merit.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment pursuant to CPLR § 3212 is denied, and it is further

ORDERED that defendant's motion to dismiss the complaint pursuant to CPLR § 3211 [a] [1] & [7] is denied.

This constitutes the decision and order of the Court.

ENTER:

_____
**Hon. Anne J. Swern, J.S.C.**
**Dated: 5/20/2025**

For Clerks use only:

MG _____

MD _____

Motion seq. # _____

[* 7]